432 So.2d 683 (1983)
COOPER SMITH PROPERTIES, LTD., Appellant,
v.
FLOWER'S BAKING CO. OF FLORIDA, INC., etc., James W. Dugan and A.P. Henderson, Appellees.
No. 82-1331.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
David A. Monaco of Cobb & Cole, P.A., Daytona Beach, for appellant.
John R. Godbee, Jr. of Coble, McKinnon, Rothert, Barkin, Clayton Vukelja & Godbee, P.A., and Horace Smith, Jr. of Dunn, Smith & Withers, P.A., Daytona Beach, for appellees.
ORFINGER, Chief Judge.
The order of the trial court determining that the mortgagor was required to deposit with the Clerk a sum greater than the amount which the final judgment of foreclosure found to be due in order to redeem his property from that judgment, *684 was error. A mortgagor attempting to redeem should not be required to pay any amount in excess of what the final judgment of foreclosure determines to be due. Blue Heron Land Co. v. Brown, 98 Fla. 1238, 125 So. 369 (1930). See also, Flagler Center Building Loan Corp. v. Chemical Realty Corporation, 363 So.2d 344 (Fla. 3d DCA 1978). Neither do we find anything in section 45.031, Florida Statutes (1981), that requires a mortgagor to seek permission of the court in order to exercise his right of redemption, which exists up to the time the certificate of title is issued. All State Mortgage Corporation of Florida v. Strasser, 277 So.2d 843 (Fla. 3d DCA 1973), affirmed, 286 So.2d 201 (Fla. 1973); Roberts v. J.I. Kislak Mortgage Co., 257 So.2d 599 (Fla. 4th DCA 1972).
Because the mortgagor deposited with the Clerk the total amount found due by the judgment of foreclosure, prior to the issuance of the certificate of title, the redemption was proper and should not have been set aside. The order of September 14, 1982, vacating the redemption is therefore set aside, and the cause is remanded to the trial court with directions to confirm the mortgagor's redemption of his property, to order the return to the purchaser at the sale of any monies paid by it, and for such further proceedings as are consistent herewith.
REVERSED and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.