438 So.2d 544 (1983)
Robert BOTTE, Appellant,
v.
Robert B. POMEROY, D/B/a South Seas Apartments; and St. Paul Mercury Insurance Co., Appellees.
Nos. 82-367, 83-463.
District Court of Appeal of Florida, Fourth District.
September 14, 1983.
Rehearing Denied October 31, 1983.
Elizabeth K. Clarke of Daniels & Hicks; Goldstein Professional Association, Miami, for appellant.
Richard A. Sherman, and Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Miami, for appellees.
LETTS, Judge.
This appeal is a consequence of a summary judgment granted in favor of a good samaritan which we must reverse.
The record strongly suggests that the injured party's accident was self-inflicted as a result of excessive use of alcohol and drugs. Around 5:00 A.M. after extended carousing he ventured outside, fell down and passed out. Later while lying on the ground, he yelled for help and awoke the good samaritan *545 who got out of bed and came to his assistance.
Taking the testimony in the light most favorable to the injured party, which indeed we must, it is alleged that when the good samaritan responded to the yells for help he was told by the injured party to call an ambulance but not to move him because the latter had no feeling in his arms and legs or from the waist down. Ignoring this entreaty, the good samaritan allegedly moved the stricken party and removed his pants, rendering the latter a quadriplegic.
We are all familiar with the Good Samaritan statute which supposedly insulates from liability those who assist injured parties at the scene of an emergency. See Section 768.13, Florida Statutes (1981). However, that statute is rendered impotent under the facts of this incident because of the included statutory language that the assistance rendered must be accomplished "without objection." Here the injured party's testimony was that he insisted that he not be moved and that rescue operations be restricted to calling an ambulance.
We are unhappy that the statute has been watered down by the inclusion of "without objection" language. After all, many victims in distress will quite naturally say: "don't touch me, it hurts." As we see it, the employment of this language permits the injured party to, in effect, control the rescue operations so that the immunity envisaged is obviated.
As if the foregoing were not enough, there is another portion of the statute that completes its emasculation, because the good samaritan is required to render his assistance like an "ordinary reasonably prudent man." Obviously any sensible plaintiff's lawyer can plead around a statute such as this and get to the jury. As it now stands, it does not appear to be a very good idea to render assistance to an accident victim.
REVERSED AND REMANDED.
HERSEY and WALDEN, JJ., concur.