BASKIN, Judge.
Finding that no genuine issue of material fact remains for decision, we affirm the summary judgment. See Holl v. Talcott, *1317 191 So.2d 40 (Fla.1966). A mortgagor, has a right of redemption of the realty until certificate of title is issued to another. See Allstate Mortgage Corp. v. Strasser, 277 So.2d 843 (Fla. 3d DCA), aff'd, 286 So.2d 201 (Fla.1973); Akeley v. Miller, 264 So.2d 473 (Fla. 3d DCA), cert. denied, 269 So.2d 369 (Fla.1972); Cooper Smith Properties, Ltd. v. Flower’s Baking Co. of Fla., Inc., 432 So.2d 683 (Fla. 5th DCA), petition for review dismissed, 438 So.2d 831 (Fla.1983). In this case, Marriott “sold” his home to Schultheis on February 26, 1982. Unfortunately, the Mishkins had already purchased the property in foreclosure and assigned their interest to Schultheis. The certificate of title was issued on the 21st of February, a full 5 days before the Marriott-Schultheis sale. Thus, at the time Marriott purported to sell his home to Schultheis, his right of redemption had been extinguished. The Mishkins’ purchase of the property at foreclosure sale obviates the need to decide whether Schultheis promised to pay Marriott $60,000.
Affirmed.
JORGENSON, J., concurs.