PER CURIAM.
We reverse the summary final judgment entered in favor of appellee Bank because it is clear from the record that issues of material fact remain unresolved. The action involves claims for possession, or alternatively, for damages for conversion of certain Arabian horses which the Bank purchased at a Sheriffs sale after the Bank had secured a writ of attachment. The Bank defends against the present action by contending that it was a bona fide purchaser at the Sheriffs sale and that appellants should have asserted their rights at the sale. This contention will not support the judgment.
Appellants were not parties to the action at the time the horses were seized and there is nothing in this record to show that they were put on notice or otherwise required to assert their alleged ownership rights at that time. The Bank secured the attachment in an action against William A. and Joanne Moats, who claimed to be the owners of the horses. Appellants William Joseph Moats (son of William A. and Joanne) and Charles W. Drawdy filed affidavits in opposition to the Bank’s claim, asserting their respective ownership interests in the horses, so the issue of ownership remains unresolved. A purchaser at a judicial sale is generally subject to the rule of caveat emptor and thus acquires only such interest as the debtor may have in the property. Balding v. Fleisher, 279 So.2d 883 (Fla. 3d DCA), cert. denied, 285 So.2d 20 (Fla.1973); Black v. Miller, 219 So.2d 106 (Fla. 3d DCA), cert. denied, 225 So.2d 920 (Fla.1969). Cf., Cape Sable Corporation v. McClurg, 74 So.2d 883 (Fla.1954). Nor can the financial statements or other documentation furnished to the Bank by the senior Moats be taken as conclusive evidence of ownership in the light of the conflicting affidavits.
REVERSED.
*447 COWART and GRIFFIN, JJ., and ORFINGER, M., Associate Judge, concur.