582 So.2d 159 (1991)
CCC PROPERTIES, INC. and F.B. Night, Inc., Appellants,
v.
Richard M. KANE, Herbert Ingber and Bernice Ingber, His Wife, Appellees.
No. 90-2941.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
*160 Marshall J. Osofsky, Lewis, Vegosen and Rosenbach, P.A., West Palm Beach, for appellants.
George P. Ord, Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellees.
PER CURIAM.
CCC Properties, Inc., and F.B. Night, Inc., appeal from a summary judgment in favor of Richard Kane and Herbert and Bernice Ingber which set aside and cancelled the certificate of sale and certificate of title issued to appellants following a judicial sale which was ordered pursuant to a final judgment of foreclosure. The parties had filed cross-motions for summary judgment. We affirm.
Appellee Kane and a partner obtained a summary judgment of foreclosure on a condominium unit owned by Mr. and Mrs. Shatz. The judgment contained the usual provisions for a clerk's sale. Prior to the date set for the auction, the third parties sold the property to Mr. and Mrs. Ingber. From the proceeds of that sale, Kane and Beyer were paid the entire amount due on their foreclosure judgment. In return they executed a satisfaction of mortgage and judgment.
Without knowledge of these transactions, the clerk conducted the sale of the condominium. Appellants were the successful bidders, and the clerk issued a certificate of sale to them which was recorded. Within a week, the deed to the Ingbers and the satisfaction of mortgage and judgment were also recorded. Several days later the clerk issued and recorded the certificate of title to appellants. The money paid by appellants remains in the clerk's depository, according to the record.
Thereafter, the Ingbers filed a quiet title action against appellants, and Kane filed a Motion to Set Aside and Cancel Certificate of Title in the original foreclosure action. These cases were consolidated, and each party moved for summary judgment. The trial court denied appellant's motion and granted appellee's motion setting aside the judicial sale.
Appellants assert that they did not have notice of the satisfaction of mortgage and judgment prior to their purchase of the property and that appellees failed to follow the statutory procedure for cancelling or setting aside a judicial sale by timely filing their objections. Appellees respond that a mortgagor may redeem the property at any time prior to the clerk's issuance of the certificate of title and that the complete payment to the mortgagee of the amount due under the judgment satisfied the mortgage and the judgment, redeemed the property, and discharged the judgment which ordered the judicial sale.
Section 45.031, Florida Statutes (1989) contains the procedure for judicial sales. It provides in pertinent part:

*161 In any sale of real or personal property under an order or judgment, the following procedure may be followed as an alternative to any other sale procedure if so ordered by the court:
(1) SALE BY CLERK.  In the order or final judgment, the court shall direct the clerk to sell the property at public sale on a specified day that shall be no less than 20 days after the date thereof, on terms and conditions specified in the order or judgment. In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the person may redeem the property at any time before the sale.
.....
(3) CERTIFICATE OF SALE.  After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party not in default ...
(4) CERTIFICATE OF TITLE.  If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party not in default ...
(5) CONFIRMATION.  When the certificate of title is filed the sale shall stand confirmed, and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments.
The right or "equity" of redemption is defined as "[t]he right of the mortgagor of an estate to redeem the same after it has been forfeited, at law, by a breach of the condition of the mortgage, upon paying the amount of debt, interest and costs." Black's Law Dictionary, Fifth Edition 1979. This right may be exercised at any time before the sale. Fla. Stat. § 45.031(1). "Before the sale" as used in the statute has been interpreted to mean at any time before the issuance of the certificate of title. John Crescent, Inc. v. Peterson, 401 So.2d 1150 (Fla. 4th DCA 1981). A mortgagor need not obtain the court's permission in order to exercise his right of redemption. Cooper Smith Prop. v. Flower's Baking Co., 432 So.2d 683 (Fla. 5th DCA 1983). The right of redemption is extinguished if not exercised prior to the issuance of the certificate of title. Marriott v. Schultheis, 553 So.2d 1316 (Fla. 3d DCA 1989).
In this case the mortgagors redeemed the property through payment to the mortgagee of the entire amount of the judgment. The satisfaction of mortgage and judgment and the deed transferring the property were recorded prior to the issuance of the certificate of title by the clerk. Thus, by operation of section 45.031(1), Florida Statutes (1989) the mortgagor had redeemed the property by satisfying the judgment of record.
Appellant argues that because appellees neither gave notice of the conveyance of the property and of the execution of the satisfaction nor filed objections under section 45.031(4), the certificate of sale was properly issued and cannot be set aside. We disagree. A purchaser of property at a judicial sale is generally subject to the rule of caveat emptor. Moats v. First Sanlando Bank, N.A., 567 So.2d 446 (Fla. 5th DCA 1990). The recording of a document gives the purchaser and the public notice of its contents. See Hull v. Maryland Casualty Co., 79 So.2d 517 (Fla. 1954). By the recording of the satisfaction appellants were given constructive notice prior to the issuance of the certificate of title that Mr. and Mrs. Shatz had exercised their right of redemption.
Further, we also find that failure to file an objection to confirmation based upon the redemption does not prevent cancellation of the certificate. Section 45.031(4), Florida Statutes (1989) provides that any objections to the sale be filed with the clerk prior to the issuance of the certificate of title. We believe that the statute's provision for filing objections refers to the objections to the conduct of the sale as provided by the judgment and/or the statute. With objections filed, the trial court has the opportunity to determine whether or not the sale should be confirmed. However, satisfaction of the judgment itself or the exercise of the equity of redemption is permissible *162 without the consent of the court. Cooper Smith Prop. v. Flower's Baking Co., 432 So.2d 683 (Fla. 5th DCA 1983). Therefore, the failure to file objections did not preclude the court from cancelling the certificate of title when the right of redemption had been exercised prior to its issuance.
Affirmed.
ANSTEAD, WARNER and FARMER, JJ., concur.