THOMPSON, Judge.
The issue in this case is whether the appel-lee redeemed the property by complying with Florida law as it existed at the time of litigation. Since the appellees did follow the law, we affirm the order of the trial court. See *305 CCC Properties, Inc. v. Kane, 582 So.2d 159 (Fla. 4th DCA 1991) (holding that the mortgagor can redeem foreclosed property at any time before the sale of the property without permission of the court).
The purpose of the judicial sale statute is to give the public notice of what Florida law is at the time of litigation, so litigants can comply with the law. The ap-pellees complied with the existing law at the. time the property was redeemed. The statute on judicial sales allowed the Cavanaughs, the owners of the property in foreclosure, or their successor in interest, to redeem the property up to the time of the judicial sale. See § 45.031(1), Fla.Stat. (1991). This section has been interpreted to mean anytime until issuance of a certificate of title. See John Crescent, Inc. v. Peterson, 401 So.2d 1150 (Fla. 4th DCA 1981), review denied, 412 So.2d 469 (Fla.1982); Walters v. Gallman, 286 So.2d 275 (Fla. 4th DCA 1973) (redemption may be granted subsequent to the day of sale, up until the issuance of a certificate of title).
In this case, the property was redeemed by the Cavanaughs before the certificate of title was issued. The judicial sale was held on 20 July 1993 and the property was redeemed on 28 July 1993. The Cavanaughs paid Merrill Lynch Capital, Inc. (the plaintiff below in the foreclosure action) the full amount of the final judgment plus interest and costs accrued subsequent to entry of the final judgment in order to redeem the property. The Clerk of Court did not issue the certificate of title until 2 August 1993. Thus, the appellees fully complied with the existing Florida law. The fact that the statute was subsequently amended does not alter their compliance. The statute was clear on its face and no interpretation is necessary. Courts have no authority to interpret a statute such that the interpretation would extend, modify or limit its express terms or its reasonable and obvious implications. Holly v. Auld, 450 So.2d 217 (Fla.1984). This reason alone is sufficient to affirm the trial court. Furthermore, even if one accepts the reasoning of the dissent that the Clerk of Court should be put on notice of any attempt at redemption, in this case, there is evidence that Metroplex had notice. The record facts militate against reversing the trial court’s order because of this notice.
The premise of the dissent is predicated upon the theory that the purchaser should not have to search for information concerning redemption; that the best place to obtain this knowledge is the Clerk of Court. In the case sub judice, however, there are sufficient facts in the record to establish that the appellants had actual knowledge of the redemption. The appellees (specifically Merrill Lynch) presented an affidavit to the trial court that Metroplex knew the property had been redeemed. Merrill Lynch’s attorney presented affidavits from their office personnel that Mr. Malcolm David, representing Metroplex, called Merrill Lynch’s office and was told on two occasions prior to the issuance of the certificate of title that the property was being redeemed. So, there is proof in the record that Metroplex had actual knowledge the property had been redeemed.
The statute existing at the time of redemption placed no duty upon the Clerk of Court to provide information concerning the redemption. The cases interpreting the statute have held that property may be redeemed without court approval prior to the issuance of a certificate of title. See, e.g., Kane, 582 So.2d at 162. If the reasoning of the dissent was adopted for this case, the trial judge would not have to give permission, but the Clerk of Court would have to give permission. This would place upon the Clerk of Court a duty and responsibility that was not required by statute. Even if the Clerk of Court had a duty to collect and disseminate this information, Metroplex had already been told the property was being redeemed. We cannot retroactively impose the duty and burden upon the Clerk of Court when it was not required by the statute as written at the time. For these reasons, we AFFIRM.
PETERSON, J., concurs.
HARRIS, C.J., dissents with opinion.