HARRIS, Chief Justice,
dissenting.
While I agree that the dispositive issue is whether appellee redeemed the property in compliance “with Florida law as it existed at the time of litigation,” I disagree that the record in this ease shows such compliance.
In our case, after the foreclosure sale but before the issuance of the certificate of title, Precision Equity Investments, Inc. (the purchaser from the debtor), attempted to redeem the property by paying the mortgage indebtedness to the attorneys for Merrill Lynch Capital, Inc. (the foreclosing plaintiff). The record does not reflect when, if ever, a satisfaction of mortgage was delivered or recorded. The deed to the purchaser providing the money for redemption was not recorded until four days after the issuance of the certificate of title. That is also when the “notice of redemption” was delivered to the clerk. It is not possible from this record to tell whether this was an “escrow” closing in which the escrow did not close, (delivery of the documents) until after the issuance of the certificate of title. In any event, since no one advised the clerk of the redemption, in due course, the certificate of title issued to Me-troplex Investments, Inc., the successful bidder at the foreclosure sale who then, pursuant to an earlier agreement, conveyed it to Mark Orman.[1] Even this conveyance to Or-man predated the recording of the deed to Precision and the filing of the written notice of redemption.
The question, then, is which purchaser, the one who relies on an extrajudicial redemption or the one who purchases from the successful bidder at the foreclosure sale, has superior title.
Certainly the defendant in a foreclosure action has a “right of redemption” and, according to the law then applicable, this right extended up until the issuance of the certificate of title.[2] But it has not yet been expressly decided that the exercise of this right can be accomplished extrajudicially by paying the mortgagee directly and then failing to notify the clerk of court and simply ignoring the pending judicial action.
While it is true that CCC Properties, Inc. v. Kane, 582 So.2d 159 (Fla. 4th DCA 1991), permitted the extrajudicial redemption of the foreclosed property, there the satisfaction of mortgage and new deed transferring the property were recorded prior to the issuance of the certificate of title. In Kane, the clerk, as did the rest of the world, at least had constructive notice that the property had been redeemed.
The trial court below vacated the certificate of title on the basis that the payment directly to the mortgagee “discharged the judgment” and, apparently as a matter of law, deprived the clerk of the power to convey title. The court also “noted” that in any event the purchaser at the sale should be charged with notice of the redemption because the doctrine of caveat emptor imposes on such purchaser the obligation to contact the mortgagee (rather than the clerk entrusted with selling the property) to see if redemption has occurred. Although the majority opinion goes into some detail concerning the testimony relating to “actual knowledge,” this testimony was refuted and, more importantly, not accepted by the trial court. The trial judge relied on caveat emptor, not actual knowledge.
The better policy is that once property to be foreclosed is placed within the jurisdiction of the court, and after a lis pendens has been filed, anyone dealing with that property should do so only with court participation, or, at the very least, court awareness. Some redemptions are handled through the clerk’s office. As indicated in Cooper Smith Properties, Ltd. v. Flowers Baking Co. of Florida, Inc., 432 So.2d 683, 684 (Fla. 5th DCA), rev. dismissed, 438 So.2d 831 (Fla.1983):
*307 Because the mortgagor deposited with the clerk the total amount found due by the judgment of foreclosure, prior to the issuance of the certificate of title, the redemption was proper and should not have been set aside. (Emphasis added).
Based on the facts in Cooper, it was unnecessary for the court to determine if extrajudicial redemptions were appropriate. However, because of the provisions contained in the final judgment involved in this case (and, one would expect, most eases), even if such extrajudicial redemptions are permitted, the parties thereto should have the burden of notifying the clerk that redemption has occurred prior to the issuance of the certificate of title.
The final judgment provided:
The sale shall be held in accordance with Section 45.031 of the Florida Statutes, and upon the Clerk filing the Certificate of Sale, and upon the Clerk filing the Certificate of Title as provided by Section 45.031 of the Florida Statutes, the sale shall stand confirmed, and the Defendants and all persons claiming by, through or under them shall forever be barred and foreclosed of any and all equity or right of redemption in and to the above described property, and the purchaser at said sale ... shall without delay be let into possession of the said premises as conveyed ... (emphasis added).
The finality of the Certificate of Title as provided in the final judgment is based on section 45.031(5):
CONFIRMATION. — When the certificate of title is filed the sale shall stand confirmed, and the title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments.
This language, and the fact that the legislature has now amended the statute to make it clear to the courts that the equity of redemption shall terminate no later than the filing of the certificate of sale, is proof that the legislature intends that the clerk shall be involved in the redemption process. However, under the majority opinion, even under the new statute it can be argued that so long as the secret redemption from the mortgagee takes place before the certificate of sale, the deed from the clerk may still be set aside because the redemption itself divests the clerk of any further authority.
I submit it is better public policy to hold that if the foreclosure proceeding culminates in the issuance of a certificate of title because the clerk is unaware that redemption has occurred, that title should be effective and final against any claim (including a claim of prior redemption) that could have been presented before the issuance of title.
I would hold that the trial court erred in holding that the parties’ extrajudicial efforts to redeem (unknown to the clerk) deprived the clerk of the authority to proceed pursuant to the statutory mandate. And unlike the eourt in Kane, I would hold that the requirement to file objections to the sale to prevent the automatic issuance of the certificate of title includes not only objections to form but any objection which would prevent the issuance of the certificate of title.[3] An extrajudicial redemption, if valid at all, should have no validity if it is not brought to the attention of the clerk prior to the issuance of the certificate of title.
Further, I disagree with the trial court that the purchaser at a foreclosure sale has an obligation to check with the mortgagee to see if redemption has occurred. The lis pendens places the obligation on the parties, and those claiming through them, to be involved in the judicial proceeding and to do those things necessary (including giving appropriate notice) to avoid the issuance of the certificate of title.
I would reverse.

. Metroplex "repurchased” the property from Orman in order to bring this appeal.

. Even though section 45.031, Florida Statutes, limited the right of redemption until the "sale,” which is scheduled to occur on a date specified in each final judgment of foreclosure, the courts have construed the phrase "before the sale” to mean any time before the issuance of title. The legislature has now limited the right to redeem by requiring redemption prior to the issuance of the certificate of sale. See section 45.0315, Florida Statutes (1993). Whether this was to establish “new law” or merely to correct the courts on what the law always was, is not clear.

. If the courts construe the statutory term “before the sale” by extending the “sale” through the issuance of the certificate of title because the sale is not complete until title passes, consistency requires us to construe "objections to the sale” to include not only objections to the bidding process but also to include any objection that would make the issuance of the certificate of title equitably or legally improper.