777 So.2d 1096 (2001)
INDIAN RIVER FARMS, Florida Industries Investment Corporation, and William A. Canty, Sr., Appellants,
v.
YBF PARTNERS, a New York general partnership, and Martin Properties, Inc., Appellees.
No. 4D99-4265.
District Court of Appeal of Florida, Fourth District.
January 24, 2001.
Rehearing Denied February 27, 2001.
*1097 William G. Osborne of William G. Osborne, P.A., Orlando, for appellants.
Alan S. Polackwich, Sr. of Clem, Polackwich, Vocelle & Berg, Vero Beach, for Appellee Martin Properties, Inc.
SHAHOOD, J.
This appeal concerns the proper and timely exercise of an equitable right of redemption by an assignee following the issuance of a certificate of sale to third party purchasers of real property bought at a judicial sale. We affirm the certificate of sale, but vacate the issuance of the certificate of title and remand for further proceedings consistent with this opinion.
Appellee, YBF Partners, filed a mortgage foreclosure action against appellant, Florida Industries Investment Corporation.[1] On September 2, 1999, a Summary Final Judgment of Foreclosure was entered in favor of YBF Partners by the trial court and a judicial sale took place on September 30, 1999. At the judicial sale, Martin Properties, Inc. was the successful bidder. Martin Properties tendered the purchase price to the clerk of the court.
On October 11, 1999, Florida Industries and appellant, Indian River Farms, Inc., filed pro se objections to the certificate of sale and the certificate of title. On October 21, 1999, a Verified Objection to Certificate of Sale and Certificate of Title was filed by the parties to replace their pro se objections. Appellants objected to the title of the property being issued in the name of Martin Properties on the grounds that they had an agreement with Martin Properties whereby Martin Properties was to be their lender and was to purchase the subject property at the foreclosure sale in the name of Indian River Farms. Appellants alleged that Martin Properties wrongfully attempted to take title to the subject property in its own name, despite the fact that the loan application from Florida Industries and Indian River Farms contemplated that the property would be owned by Indian River Farms. They claimed that Martin Properties had a fiduciary or confidential relationship to Florida Industries and Indian River Farms, and that by attempting to have title issued in its own name, Martin Properties committed a fraud and a violation of that duty. Appellants further alleged that an evidentiary hearing was required in order for the court to become fully advised as to the nature of the fiduciary relationship and breach thereof.
*1098 The court reserved ruling and allowed the parties to file memoranda of law on the issue of the legal sufficiency of the objections to the sale. If the court determined that the objections were legally sufficient, it would conduct an evidentiary hearing.
On October 27, 1999, the trial court entered an Order Overruling Objections to Sale. The court held that the objections did not raise any defect or irregularity with regard to the foreclosure sale itself nor with the inadequacy of price or any allegation that there was a mistake, accident, surprise, misconduct, fraud or irregularity in the sale itself. The court further held that appellants' objection was only with whom title should be issued. Thus, the court held their objections legally insufficient and inconsistent for an objection to sale. The clerk of court was therefore authorized to issue a certificate of title to Martin Properties.
On October 29, 1999, Florida Industries and Indian River Farms filed an emergency motion for stay of issuance of certificate of title in order to seek rehearing of the court's October 27 Order. The court never entered a written order on said motion.
On November 8, 1999, Florida Industries and Indian River Farms filed a motion for rehearing of the court's October 27 Order. They alleged that on October 29, 1999, third party, VOSR Industries, moved to intervene in the proceedings on the grounds that it entered into an agreement with Florida Industries and Indian River Farms assigning VOSR all rights in the subject property, including the equitable right of redemption. On that same date, VOSR attempted to exercise its right of redemption by tendering the full amount due under the mortgage to the clerk of the court, but the clerk rejected the tender. Such tender took place prior to the issuance of the certificate of title. On November 1, 1999, certificate of title was issued in the name of Martin Properties as the successful bidder.
In seeking relief under their motion for rehearing, Florida Industries and Indian River Farms requested that the court reverse its October 27 Order, compel the clerk of court to accept VOSR's tender, deem such tender to have been timely made, and allow VOSR to redeem the property. On November 8, 1999, VOSR moved to compel acceptance of tender and for redemption and to intervene in the subject proceedings. The court never ruled on VOSR's motions.
On November 12, 1999, the court denied Florida Industries' and Indian River Farms' motion for rehearing on the grounds that the movants were injecting an entirely new issue into the case, the right of redemption, and that the issue had no bearing or materiality on the Order objecting to the sale.
We affirm the trial court's October 27 Order overruling appellants' post-sale objections to the certificate of sale on the grounds that such objections did not concern any defect or irregularity with the foreclosure sale itself in order to be a legally sufficient ground to set aside the sale. See Ruff v. Guar. Title & Trust Co., 99 Fla. 197, 126 So. 383, 384 (1930); see also Sulkowski v. Sulkowski, 561 So.2d 416, 418 (Fla. 2d DCA 1990); Fernandez v. Suburban Coastal Corp., 489 So.2d 70, 71 (Fla. 4th DCA 1986). We likewise affirm the trial court's November 12 Order denying rehearing of the October 27 Order overruling the objections to the sale. Since the evidence of redemption did not relate to the sale, the trial court was correct in denying appellants' motion for rehearing.
We do, however, hold that this matter must be remanded for an evidentiary hearing on VOSR's pending motions to intervene, to compel acceptance of tender and for redemption. Should the court, on remand, determine that Florida Industries properly assigned its right of redemption to VOSR, then we conclude that VOSR properly and timely exercised its right of *1099 redemption prior to the issuance of the certificate of title.[2]
The right of redemption is a valued and protected equitable right of the mortgagor to reclaim his estate in foreclosed property after it has been forfeited, at law, by paying the amount of the debt, interest and costs. See Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996); CCC Props., Inc. v. Kane, 582 So.2d 159 (Fla. 4th DCA 1991). Section 45.0315, Florida Statutes (1995), governs the right of redemption and provides as follows:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.
This court has held that "[a] mortgagor's equity of redemption is an estate in land; that the right of redemption is an incident of all mortgages and cannot be extinguished except by due process of law; and that the right belongs to the mortgagor and those claiming under or through him." John Stepp, Inc. v. First Fed. Sav. and Loan Ass'n of Miami, 379 So.2d 384, 385 (Fla. 4th DCA 1980). The right of redemption continues to exist until the foreclosure sale has been confirmed by the court, or if no objection, then until the issuance of the certificate of title. See id.
Section 45.0315 empowers a court to fix a time in the final judgment, before which the mortgagor must exercise his right of redemption or forfeit that right. See Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996). If the judgment makes no such provision, the right to redeem expires when the clerk files the certificate of sale. See id.; Emanuel v. Bankers Trust Co., N.A., 655 So.2d 247 (Fla. 3d DCA), review denied, 663 So.2d 629 (Fla.1995)(mortgagor did not elect to redeem until after filing of clerk's certificate of sale, and thus election was too late since right of redemption had extinguished where final judgment of foreclosure provided that upon filing of certificate of sale, there would be no further right of redemption.). Section 45.0315 is in derogation of common law and should be strictly construed. See id.
In this case, like Saidi, paragraph 8 of the final judgment of foreclosure provides:
On filing the certificate of title, Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.
Accordingly, said provision provides that the mortgagor's right of redemption in the property will be foreclosed upon the filing of the certificate of title. See id. Clearly, the right to redeem in this case had not yet extinguished until the filing of the certificate of title.
In order to exercise the right of redemption, the mortgagor or its assignee should pay the amount due by tendering it to the mortgagee or to the clerk of court. See Saidi, 687 So.2d at 12. A mortgagor need not obtain the trial court's permission in order to exercise a right of redemption. See id.; Cooper Smith Props., Inc. v. Flower's Baking Co. of Florida, Inc., 432 So.2d 683, 684 (Fla. 5th DCA), petition for *1100 review dismissed, 438 So.2d 831 (Fla. 1983)(a mortgagor does not need to seek permission of the court to exercise his right of redemption, which exists up to the time of the certificate of title is issued).
In Saidi, the property was sold on December 5, 1995, and a certificate of sale was filed that day. On December 13, 1995, Saidi filed an objection to the sale and a motion to exercise his right of redemption. On February 9, 1996, the court ruled that there were no irregularities in the sale process and expressly denied his motion to redeem on the grounds that it came too late. The certificate of title was filed on February 12, 1996. In reversing, the court held that a mortgagor need not obtain the trial court's permission in order to exercise a right of redemption. See id. at 12. Thus, the court's order prevented Saidi from exercising his right of redemption. On remand, the trial court was directed to allow Saidi to have a period of time no less than 15 days in which to exercise his right of redemption, after which the clerk may refile the certificate of title and extinguish Saidi's right of redemption. See id.
In this case, the property was sold on September 30, 1999, and a certificate of sale was filed that same day. Pro se objections to the sale were filed on October 11, 1999, and verified objections were filed October 22, 1999. The trial court overruled the objections to the sale on October 27, 1999. On October 29, 1999, VOSR moved to intervene and attempted to exercise its right of redemption by tendering payment to the clerk of court which was refused. On November 1, 1999, certificate of title was issued to Martin Properties. On November 8, 1999, appellants moved for a rehearing of the October 27 Order and to compel the clerk to accept VOSR's tender for redemption of the property.
Like Saidi, when VOSR timely tendered its payment under the judgment of foreclosure to the clerk of court, it properly exercised its right of redemption. It did not need the court's permission to exercise its right of redemption. While the clerk of court erred in failing to accept tender, such error did not render VOSR's exercise of its right of redemption untimely since its tender was made prior to the filing of the certificate of title.
Because of the clerk of court's erroneous refusal to accept tender, like Saidi, this matter must be remanded and the certificate of title vacated. Upon remand, the court shall consider VOSR's motions to intervene or compel acceptance of tender, which remain pending with the court. Should the court, upon remand conclude that the assignment was proper, VOSR shall have no less than 15 days in which to exercise its right of redemption, after which the clerk may refile the certificate of title and extinguish its right to redeem the property. See Saidi, 687 So.2d at 12.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER, C.J., and HAZOURI, JJ., concur.
NOTES
[1] Because the dispute is between third party bidder, Martin Properties and Florida Industries or its assignee, VOSR, YBF Partners is not a part of this appeal.
[2] In so holding, we note that the trial court must first determine whether Martin Properties even has standing to contest the assignment.