848 So.2d 369 (2003)
Deanna CAMPBELL, Appellant,
v.
Frank KESSLER, as Personal Representative of the Estate of Reuben D. Berger, Appellee.
No. 4D01-5034.
District Court of Appeal of Florida, Fourth District.
May 7, 2003.
Rehearing Denied July 15, 2003.
*370 Allison J. Davis of Silber & Valente, West Palm Beach, for appellant.
Deirdre E. Brett of Cameron, Davis & Gonzalez, P.A., West Palm Beach, for appellee.
JENNIFER D. BAILEY, Associate Judge.
In this automobile negligence case, the trial court granted summary judgment pursuant to section 768.1355(1), Florida Statutes (2001). Reuben Berger, the original defendant, and Deanna Campbell, the plaintiff, were involved in a traffic accident in Boynton Beach, Florida. Berger hit Campbell's car from the rear while she was stopped at a traffic light.
At the time of the accident, Berger was in uniform driving a Citizen Patrol car belonging to the Palm Beach Sheriff's office as a volunteer member of the Citizen Observer Patrol. The Citizen Observer program is a joint effort between the sheriff's office and civilian volunteers who serve as additional "eyes and ears" for the department. While the negligence case was pending, Berger passed away and his estate was substituted as defendant. The trial court granted the estate's summary judgment pursuant to the Florida Volunteer Protection Act, section 768.1355(1), which provides:
Any person who volunteers to perform any service for any nonprofit organization... without compensation ... shall be considered an agent of such nonprofit organization when acting within the scope of any official duties performed under such volunteer services. Such person shall incur no civil liability for any act or omission by such person which results in personal injury or property damage if:
(a) Such person was acting in good faith within the scope of any official duties performed under such volunteer service and such person was acting as an ordinary reasonably prudent person *371 would have acted under the same or similar circumstances; and
(b) The injury or damage was not caused by any wanton or willful misconduct on the part of such person in the performance of such duties.
Campbell appeals, claiming summary judgment was improper because issues of fact remain regarding whether Berger acted in good faith and as a reasonable, prudent person and whether he was acting within the scope of his official duties at the time of the accident. The trial court found the reasonable person standard was inapplicable given the apparent legislative intent to provide immunity to volunteers for their negligent acts.
When the language of a statute is plain and unambiguous it is not subject to judicial interpretation. See Golf Channel v. Jenkins, 752 So.2d 561, 564 (Fla. 2000). The trial court based its conclusion upon the goal of volunteer protection as reflected in the title of the act. However, courts "must interpret and construe a statute according to the precise language adopted by the legislature." Fla. Gulf Health Sys. Agency, Inc. v. Comm'n on Ethics, 354 So.2d 932, 933 (Fla. 2d DCA 1978). There is no ambiguity in this statute. The statute clearly and articulately provides that volunteers are protected if they are carrying out volunteer duties in good faith and as reasonably prudent persons.
The same language in the Good Samaritan Act, § 768.13(2)(a), has been recognized as offering no protection to a negligent party. See Botte v. Pomeroy, 438 So.2d 544, 545 (Fla. 4th DCA 1983). Even where the goal may be laudable in supporting volunteers within our communities, "[c]ourts have no authority to interpret a statute such that the interpretation would extend, modify, or limit its express terms or its reasonable and obvious implications." Metroplex Invs., Inc. v. Precision Equity Invs., Inc., 647 So.2d 304, 305 (Fla. 5th DCA 1994) (citing Holly v. Auld, 450 So.2d 217 (Fla.1984)). Therefore, even assuming Berger was acting in the course of his duties, a question unsettled in the record before us, he would not be protected from his own ordinary negligence under the straightforward language of the statute.
Careful reading reveals the requirements of the Florida Volunteer Protection Act are written in the conjunctive, not disjunctive. See § 768.1355(1)(a)-(b). Each requirement must be present for the volunteer to be afforded immunity. According to the language of the statute, a defendant cannot simply assert that he did not act willfully or wantonly pursuant to subsection (1)(b) to avoid liability, nor can a defendant simply assert he was in the scope of his volunteer duties pursuant to subsection (1)(a). Both conditions are tied to the core requirement, which is the reasonable person standard. If Berger was not acting as a reasonably prudent person, no protection is available to the estate under the statute. The statute provides a mechanism by which the risk is shifted to the non-profit organization if the volunteer is protected by section 768.1355(1). The legislature's clear intent is not to immunize volunteers from liability, but rather to shift liability from the volunteer to the non-profit organization only where the volunteer is exercising reasonable care and meets the other statutory criteria. See § 768.1355(2). Equally, the legislature determined that non-profit organizations should not be the guarantors of the conduct of their volunteers where the volunteer fails to exercise reasonable care.
There are substantial questions of material fact as to whether Berger acted as an ordinarily prudent person would *372 have acted under the same or similar circumstances. The record established that his car struck Campbell's from the rear while she was stopped at a traffic light. Campbell testified that Berger's vehicle did not slow down as it approached and that Berger appeared to be talking on a cellular phone. She further testified Berger apologized at the scene and told her he had not seen her car before the impact. There is ample evidence in this record to raise genuine issues as to Berger's alleged failure to use ordinary care.
Although Berger's estate urges us to read the title of the statute as grounds for greater protection, the specific language of the statute provides a limited scheme of protection that is consistent with the goal of protecting volunteers enunciated in the title.
The final summary judgment is therefore REVERSED.
KLEIN and STEVENSON, JJ., concur.