DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUZANA POPESCU,**
Appellant,

v.

**LAGUNA MASTER ASSOCIATION, INC., ST. MICHAEL PROPERTIES, LLC, SUPREME TITLE & ESCROW, INC.** and **FAY S. MORRISON,**
Appellees.

No. 4D14-2227

[January 6, 2016]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Judge; L.T. Case No. 2012CA011449XXXXMB.

Suzana Popescu, Wellington, pro se.

Steven D. Rubin, Boca Raton, for appellee, Laguna Master Association, Inc.

Barry Jay Warsch of Fidelity National Law Group, Ft. Lauderdale for appellee, St. Michael Properties, LLC.

CONNER, J.

This appeal was filed by a purchaser of a property at a foreclosure sale after the trial court entered an order granting motions to vacate the sale. The pro se appellant argues multiple issues on appeal; however, we affirm as to all issues. We write to explain that when a foreclosure sale is not cancelled due to a clerical mistake, upon a timely and properly heard motion, the issuance of a certificate of sale and a certificate of title can be properly vacated. We also explain that the proper exercise of the right of redemption is not dependent on the clerk of court or third parties having actual or constructive notice that the right of redemption has been exercised prior to a foreclosure sale.

*Factual Background and Trial Court Proceedings*

Although it is not explained well in the record in the form of admissible evidence, based on arguments of counsel during a hearing, it appears that, in 2010, JP Morgan filed suit in another proceeding to foreclose its mortgage on the homeowner's property. When the mortgage foreclosure proceedings were taking too long, Laguna filed the claim underlying this proceeding, seeking to foreclose a junior lien for unpaid homeowner's association fees. A final judgment of foreclosure on the association dues in favor of Laguna was entered in the amount of $8,244. Appellant's $10,300 bid was the highest at the foreclosure sale. A certificate of sale to appellant was filed the next day, November 20, 2012, and a certificate of title was issued on December 10, 2012, and recorded the next day.

However, between the entry of the final judgment and the foreclosure sale, the homeowner sold the property to St. Michael Properties, evidenced by the deed contained in the record, which was recorded on December 18, 2012. In conjunction with its purchase of the property from the homeowner, St. Michael also paid $123,359 to JP Morgan to satisfy the mortgage lien on the property. Additionally, St. Michael negotiated with Laguna to fully satisfy the lien enforced by the foreclosure judgment for the lesser amount of $8,000. Pursuant to its negotiations and five days prior to the foreclosure sale, St. Michael sent a check to Laguna for $8,000 to satisfy the final judgment. The check was a personal check, through the title company used to consummate the sale, payable to the trust account for the law firm representing Laguna.

The breakdown which led to this appeal occurred when the law firm representing Laguna failed to cancel the foreclosure hearing after the lien for the association dues had been paid. At the hearing on the motions to vacate, a paralegal working for the law firm testified that when she receives a check, she is supposed to tell the attorney on the case that the funds were received, and to cancel the sale. However, in this case, for the first time in her nine years working for the law firm, she forgot to send the e-mail, and therefore, the sale was never cancelled.

The same day the law firm discovered that the mistake was made in cancelling the foreclosure sale, the law firm contacted the appellant. The appellant refused to cooperate with vacating the certificate of title because she already had invested work on the property. Upon learning of the situation, St. Michael filed motions to intervene and to vacate the certificate of sale and certificate of title, explaining that the right to redeem the property had been assigned to St. Michael through the sale of the property, that the agreed-upon amount of $8,000 in satisfaction of the

final judgment had been paid prior to the foreclosure sale, and the mistake that occurred with the paralegal caused the sale to occur in error.  Laguna also filed a motion to vacate the certificate of sale and certificate of title.  After a hearing, the trial court granted the motions to vacate.  The appellant gave notice of appeal.

Before proceeding with appellate analysis, a chronological listing of the key events is useful:

Sequence of Events (2012)

| | |
|---|---|
| Foreclosure judgment entered | September 18 |
| Sale to St. Michael | November   9 |
| ***Tender payment to fully satisfy assoc. lien*** | ***November 14*** |
| ***Foreclosure sale*** | ***November 19*** |
| ***Certificate of sale filed*** | ***November 20*** |
| Certificate of title issued | December 10 |
| Certificate of title recorded | December 11 |
| Deed to St. Michael recorded | December 18 |

*Appellate Analysis*

"The standard of review of a trial court's ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion." *U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 493 (Fla. 4th DCA 2014) (citing *Long Beach Mortg. Corp. v. Bebble*, 985 So. 2d 611, 613 (Fla. 4th DCA 2008)).

Although their motions to vacate did not cite any rule or authority, Laguna and St. Michael argue on appeal that the trial court had the authority to grant the motions pursuant to Florida Rule of Civil Procedure 1.540(b), which sets a one-year time limit for a party to challenge a final judgment, decree, order, or proceeding based on a mistake.  Fla. R. Civ. P. 1.540(b).  There is a body of law applying rule 1.540(b) as a basis for setting aside foreclosure sales and vacating certificates of sale and certificates of title.  *See Virgo v. Nat'l City Mortg. Co.*, 115 So. 3d 1072, 1074 (Fla. 4th DCA 2013) (analyzing an objection to sale and motion to vacate a sale filed pursuant to rule 1.540(b)); *see also Chase Home Loans, LLC v. Sosa*, 104 So. 3d 1240, 1241 (Fla. 3d DCA 2012) (analyzing a motion to vacate a foreclosure sale filed pursuant to rule 1.540(b)); *Am. Nat'l Bank v. Lau*, 268 So. 2d 567, 568 (Fla. 2d DCA 1972) (analyzing a motion to vacate an order confirming a sale after a mechanic's lien foreclosure pursuant to 1.540(b)).

The appellant argues that the trial court erred in vacating the certificate of sale and certificate of title because an objection to the foreclosure sale was not made within ten days of the sale, as required by section 45.031(5), Florida Statutes (2013). Applying our decision in *CCC Properties, Inc. v. Kane*, 582 So. 2d 159 (Fla. 4th DCA 1991), we reject the argument. In *Kane*, we held that the third-party's failure to object pursuant to section 45.031(4), which later was renumbered to subsection (5), did not mean that the certificate of title could not be vacated. *Id.* at 161. We explained:

> [W]e also find that failure to file an objection to confirmation based upon the redemption does not prevent cancellation of the certificate [of title]. Section 45.031(4), Florida Statutes (1989) provides that any objections to the sale be filed with the clerk prior to the issuance of the certificate of title. We believe that the statute's provision for filing objections refers to the objections to the conduct of the sale as provided by the judgment and/or the statute. With objections filed, the trial court has the opportunity to determine whether or not the sale should be confirmed. However, satisfaction of the judgment itself or the exercise of the equity of redemption is permissible without the consent of the court. *Cooper Smith Prop. v. Flower's Baking Co.,* 432 So.2d 683 (Fla. 5th DCA 1983). *Therefore, the failure to file objections did not preclude the court from cancelling the certificate of title when the right of redemption had been exercised prior to its issuance.*

*Id.* at 161-62 (emphasis added). The motions to vacate the sale and certificate of title in this case were not premised on any irregularity of the foreclosure sale process. Instead, the motions were grounded on the premise that there was a timely exercise of the right of redemption, which nullified the foreclosure sale process as a matter of right.

We also reject, without further discussion, the appellant's argument that Laguna and St. Michael offered insufficient proof that the association lien had been fully satisfied and, therefore, there was no basis for the trial court to find the right of redemption had been exercised.

Finally, we reject the appellant's argument that the right of redemption was not properly exercised because neither the clerk of court nor the appellant had notice that the right of redemption had been exercised prior to the foreclosure sale or the issuance of the certificate of sale. More specifically, because the sale by the homeowner to St. Michael was not of record as of the date of the foreclosure sale, and was, in essence a "secret settlement," the appellant argues the protections afforded to her as a bona

4

fide purchaser for value under sections 702.036[1] and 695.01,[2] Florida Statutes (2013), were violated.

"The right of redemption is the mortgagor's valued and protected equitable right to reclaim [his or] her estate in foreclosed property." *Sudhoff v. Fed. Nat'l Mortg. Ass'n.*, 942 So. 2d 425, 428 (Fla. 5th DCA 2006) (citations omitted). It is considered "an innate feature of every mortgage." *VOSR Indus., Inc. v. Martin Props., Inc.*, 919 So. 2d 554, 556 (Fla. 4th DCA 2005). The right "belongs to the mortgagor and those claiming under or through him [or her]." *Indian River Farms v. YBF Partners*, 777 So. 2d 1096, 1099 (Fla. 4th DCA 2001) (quoting *John Stepp, Inc. v. First Fed. Sav. & Loan Ass'n of Miami*, 379 So. 2d 384, 385 (Fla. 4th DCA 1980)). The right also applies to foreclosure of homeowner's association liens. *Waterview Towers Yacht Club-Ultimate, Owners' Ass'n,* 159 So. 3d 174, 175 (Fla. 1st DCA 2015) (citations omitted).

The right of redemption does not require court approval prior to exercising it, and the right continues until it has been waived or extinguished. *See Indian River Farms*, 777 So. 2d at 1099; *Metroplex Invs., Inc. v. Precision Equity Invs., Inc.*, 647 So. 2d 304, 305 (Fla. 5th DCA 1994); *Kane*, 582 So. 2d at 162. "In order to exercise the right of redemption, the mortgagor or its assignee should pay the amount due by tendering it to the mortgagee or to the clerk of court." *Indian River Farms*, 777 So. 2d at 1099; *see also Kane*, 582 So. 2d at 161. We are aware of no statutory or case law authority requiring notice of the exercise of the right of redemption prior to the clerk of court conducting a foreclosure sale.[3] In *Kane*, we rejected an argument that Kane's failure to give notice of the conveyance of the property and the execution of a satisfaction of the mortgage was grounds to uphold the clerk's sale because "[a] purchaser of

---

[1] Section 702.036, Florida Statutes (2013), limits an action or proceeding seeking to set aside, invalidate, or challenge and requires a court to treat such a proceeding as a claim for monetary damages if certain conditions apply.

[2] Section 695.01, Florida Statutes (2013), provides generally that a conveyance of real property shall not be effectual in law or equity against creditors or subsequent purchasers for valuable consideration, unless the instrument of conveyance is recorded according to law.

[3] As a practical matter, it seems a failure to notify a clerk of court that the right of redemption has been exercised prior to the clerk conducting a foreclosure sale will in most cases be due to a mistake or simple negligence.

property at a judicial sale is generally subject to the rule of caveat emptor." *Kane*, 582 So. 2d at 161.

In this case, the final judgment provided that the right of redemption would not be extinguished until the foreclosure sale was confirmed by the filing of a certificate of sale by the clerk of court or an order after ruling on objections to the sale. The right of redemption was fully exercised prior to the foreclosure sale. As a matter of law, St. Michael was entitled to have the foreclosure sale cancelled. The fact that neither the clerk of court nor other third parties had actual or constructive notice of the exercise of the right of redemption does not preclude St. Michael's right to seek an order to vacate the certificate of sale and certificate of title by way of a timely and appropriate motion.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6