DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA L. DAWSON** and **ANGELA L. DAWSON, P.A.,**
Appellants,

v.

**ANTONIO HERNANDEZ,**
Appellee.

No. 4D18-1588

[    June 24, 2020    ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates and Mily Rodriguez-Powell, Judges; L.T. Case No. CACE 14-024425 (21).

Michael Hursey of Michael Hursey, P.A., Fort Lauderdale, for appellants.

Kenzie N. Sadlak of Kenzie N. Sadlak, PA, Miami, for appellee.

### *On Motion for Rehearing*

MAY, J.

We grant the appellee's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.

The borrower appeals a second amended final judgment in a foreclosure action. The underlying issue is whether the trial court could twice amend the final foreclosure judgment to include appellate and post-judgment attorney's fees and costs ***after*** the borrower redeemed the property.[1] The answer is "yes." However, the process by which the amended judgments were entered here causes us to reverse.

The lender filed an action to foreclose a mortgage on commercial property and a lis pendens. It then moved for summary judgment, which

---

[1] There are two appellants. The P.A. is the borrower; the individual personally guaranteed the loan. We refer to them as the borrower for ease of reference.

the trial court granted. The court entered a final judgment.

The borrower appealed. We dismissed the appeal as untimely, but conditionally granted attorney's fees to the lender. After the dismissal, but before the sale date, the borrower paid the total amount reflected in the original final judgment to the Clerk of Court, which included attorney's fees and costs to date. The clerk then issued a satisfaction of judgment. It did not issue a certificate of redemption.

Later that same day, the lender moved for post-judgment and appellate attorney's fees. He also moved to vacate the satisfaction of judgment, disburse the court funds, and amend the original final judgment to increase the redemption amount to include the appellate attorney's fees, pursuant to Florida Rule of Civil Procedure 1.525. The lender argued the satisfaction was issued in error, pursuant to section 55.141, Florida Statutes.

The trial court granted the lender's motions, vacated the satisfaction of judgment, and disbursed the court registry funds. The court then entered an amended final judgment, which included the amount of the original judgment and the subsequently awarded appellate attorney's fees, giving the borrower credit for the amount paid to the Clerk of Court.

Among other motions, the borrower moved for reconsideration and/or rehearing of the amended final judgment and an order vacating the satisfaction of judgment. The trial court denied the borrower's motions on July 7, 2016. Instead of filing a notice of appeal, the borrower then moved to set aside the order denying her motions for reconsideration and/or rehearing. The trial court denied that motion on April 11, 2017. In the interim, the borrower filed several motions and requests for hearing, including a motion to cancel the foreclosure sale because the judge presiding over the case resigned.[2] The court canceled the foreclosure sale.

The lender petitioned this Court for a writ of certiorari and prohibition, seeking to quash the trial court's order canceling the sale and prohibit the trial court from considering the borrower's motion to set aside. We denied the petition without prejudice to the lender's ability to seek an increase of the redemption amount, based on the "properly entered amended final

---

[2] To provide some context, the original judge resigned. The newly assigned judge recused herself, leaving the case in the hands of a third trial court judge, who ultimately recused herself as well. The borrower represented herself during much of the proceedings. She was represented by counsel for part of the proceedings, but he eventually moved to withdraw.

judgment," citing *Verneret v. Foreclosure Advisors, LLC*, 45 So. 3d 889 (Fla. 3d DCA 2010), and *Parsons v. Whitaker Plumbing of Boca Raton, Inc.*, 751 So. 2d 655 (Fla. 4th DCA 1999). The trial court denied the borrower's motion to set aside the order and amended final judgment.

The lender then moved for additional post-judgment attorney's fees and costs. It argued that it incurred attorney's fees and costs because of the borrower's multiple post-judgment motions and hearings. The lender argued it was entitled to a second amended final judgment with an increased redemption amount that included the additional attorney's fees, plus interest, pursuant to our order dismissing the lender's petition.

The trial court entered a second amended final judgment and again increased the redemption amount to include the lender's additional attorney's fees, interest, and costs, giving credit for the amount paid by the borrower to the Clerk of Court. It did so without a hearing on the amount of attorney's fees.

The borrower filed a renewed motion for reconsideration and/or rehearing of the amended final judgment, the order vacating the satisfaction of judgment, and the second amended final judgment. The trial court denied the renewed motion. The borrower now appeals.

### *Jurisdiction*

The lender argues we lack subject matter jurisdiction to review the borrower's challenges to the first amended final judgment because the appeal was untimely. We agree.

"An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h). However, a timely and authorized motion for rehearing tolls rendition of a final order "until the filing with the clerk of a signed, written order disposing of the last of such motions." Fla. R. App. P. 9.020(h)(1)(B), (h)(2)(A). An order is final and ripe for appeal when it completes the judicial labor of the lower tribunal. *Caufield v. Cantele*, 837 So. 2d 371, 375 (Fla. 2002).

Here, the amended final judgment materially changed the original final judgment by changing the redemption amount. The borrower moved for rehearing, which was denied in July 2016. The borrower did not appeal from that order, but filed yet another motion to set the order aside. In doing so, the borrower missed the opportunity for us to review the amended final judgment. *Remington v. Remington*, 705 So. 2d 920, 922 (Fla. 4th DCA 1997) ("Only a motion for rehearing authorized by the Rules

3

of Civil Procedure will suspend rendition of an order under the appellate rules.").

The second amended final judgment once again changed the redemption amount. The borrower's motions for reconsideration and rehearing were authorized under the Florida Rules of Civil Procedure. The appeal from that order is timely. We have jurisdiction.[3] *See Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) ("[A] party may appeal an amended judgment that makes a material change in the original judgment, [although] the appeal is limited to the amended portions of the judgment and does not call up for review errors in the original.").

### *On the Merits*

The borrower argues the trial court erred when it vacated the satisfaction of judgment. The borrower contends that because it complied with the statutory requirements for redemption, *Sedra Family Ltd. Partnership v. 4750, LLC*, 124 So. 3d 935 (Fla. 4th DCA 2012), is controlling.

The lender responds that: 1) Florida law provides for attorney's fees to be included in a judgment for purposes of redemption; 2) the satisfaction of judgment was erroneous because it was entered pursuant to the wrong Florida Statute—section 55.141 instead of section 45.0315; 3) the trial court had discretion to enter amended final judgments for additional attorney's fees; and 4) the borrower's argument is moot because we previously deemed the amended final judgment "to be proper."

We review a trial court's amendment of a final judgment for an abuse of discretion. *See Baker v. Courts at Bayshore I Condo. Ass'n*, 279 So. 3d 799, 801 (Fla. 3d DCA 2019).

- *Redemption*

   "The right of redemption is the mortgagor's valued and protected equitable right to reclaim [his or] her estate in foreclosed property." *Sudhoff v. Fed. Nat'l Mortg. Ass'n.*, 942 So. 2d 425, 428 (Fla. 5th DCA 2006) (citations

---

[3] The borrower argues the trial court erred in granting the lender's original motion for summary judgment without a hearing. We are without jurisdiction to review issues related to the original final judgment because that appeal was dismissed as untimely. *See Denny v. Denny*, 334 So. 2d 300, 302 (Fla. 1st DCA 1976).

omitted). It is considered "an innate feature of every mortgage." *VOSR Indus., Inc. v. Martin Props., Inc.,* 919 So. 2d 554, 556 (Fla. 4th DCA 2005). The right "belongs to the mortgagor and those claiming under or through him [or her]." *Indian River Farms v. YBF Partners,* 777 So. 2d 1096, 1099 (Fla. 4th DCA 2001) (quoting *John Stepp, Inc. v. First Fed. Sav. & Loan Ass'n of Miami,* 379 So. 2d 384, 385 (Fla. 4th DCA 1980)).

. . . .

The right of redemption does not require court approval prior to exercising it, and the right continues until it has been waived or extinguished. *See Indian River Farms,* 777 So. 2d at 1099; *Metroplex Invs., Inc. v. Precision Equity Invs., Inc.,* 647 So. 2d 304, 305 (Fla. 5th DCA 1994); *Kane,* 582 So. 2d at 162. "In order to exercise the right of redemption, the mortgagor or its assignee should pay the amount due by tendering it to the mortgagee or to the clerk of court." *Indian River Farms,* 777 So. 2d at 1099; *see also Kane,* 582 So. 2d at 161.

*Popescu v. Laguna Master Ass'n., Inc.,* 184 So. 3d 1196, 1199–200 (Fla. 4th DCA 2016).

Here, the borrower redeemed the property under Florida law. Section 45.0315 (2015), Florida Statutes, provides:

> **Right of redemption**. At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

The original foreclosure judgment included attorney's fees and costs to date. The borrower tendered the full amount of the original judgment, including some attorney's fees, costs, and post-judgment interest, and did so before the lender asked for additional attorney's fees. Neither the

5

statute, nor our precedent *requires* attorney's fees be paid to redeem the property. *See Sedra Family Ltd. P'ship,* 124 So. 3d at 936 (holding that redemption rights are not thwarted by failure to pay attorney's fees, because "[r]egardless of any demands . . . for attorney's fees or other amounts, appellants could have redeemed by paying the amount of the final judgment.").

While the goal of foreclosure is to ensure that the mortgage holder's lien is repaid, including attorney's fees, no case prevents the borrower from redeeming its property prior to an award of attorney's fees.[4] The borrower is however still liable for attorney's fees and costs awarded subsequent to the redemption of the property.

Equally true is that the trial court had the authority to amend the final judgment or enter a new judgment for attorney's fees and costs after the borrower redeemed the property. *See, e.g., Parsons,* 751 So. 2d 655 (borrower's exercise of redemption rights on the first foreclosure judgment "did not preclude the court from entering the second judgment.").

However, the trial court should have conducted an evidentiary hearing before amending the amended judgment to include additional attorney's fees and costs. *Geraci v. Kozloski,* 377 So. 2d 811, 812 (Fla 4th DCA 1979) ("[F]ee was assessed . . . based solely upon the affidavit of a lawyer" and over the borrower's objection. "In an adversary proceeding such as this the determination of an attorney's fee for the mortgagee based upon affidavits over objection of the mortgagor is improper. Evidence should be adduced so that the full range of cross examination will be afforded both parties."); *see also Petrovsky v. HSBC Bank,* 185 So. 3d 700, 701 (Fla. 4th DCA 2016) ("'Reasonable attorney's fees' generally are not liquidated damages and require a hearing. Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived.").

Here, the trial court increased the redemption amount without a hearing on the amount of fees. The borrower immediately objected by filing various post judgment motions to reconsider, rehear, set aside, and vacate the judgments. Because the trial court failed to hold an evidentiary

---

[4] The lender also argues the borrower is barred from challenging the amended and second amended final judgment based on the law of the case doctrine. But, that doctrine does not apply to arguments that were not at issue in the prior proceeding. *See McKenzie Check Advance of Fla., LLC v. Betts,* 191 So. 3d 530, 534 (Fla. 4th DCA 2016).

hearing on the amount of fees and costs before it increased the redemption amount in the second amended final judgment, we reverse and remand the case for an evidentiary hearing.

- *Satisfaction of Judgment*

The last issue we address is the satisfaction of judgment. The borrower argues the trial court erred in vacating the satisfaction of judgment. The lender responds the trial court correctly vacated the satisfaction of judgment because the clerk erred in issuing the satisfaction under section 55.141, Florida Statutes, instead of issuing a certificate of redemption under section 45.0315. On this issue, we agree with the lender.

Section 55.141, which allows for satisfaction of final judgments for the payment of money "by payment of the full amount of [the] judgment . . . plus interest and costs," is inapplicable to "foreclosure judgments." *Mortg. Elec. Registration Sys. v. Mahler*, 928 So. 2d 470, 472 (Fla. 4th DCA 2006) (quoting § 55.141, Fla. Stat.). The more specific statute governing the cancellation of mortgages, liens, and judgments controls. *Id.* The court did not err in setting aside the satisfaction.

We reverse the second amended final judgment. We remand the case to the trial court for an evidentiary hearing to determine the amount of attorney's fees and costs in either an amended, new, or supplemental judgment.

*Reversed in part and remanded for proceedings consistent with this opinion.*

LEVINE, C.J., and GERBER, J., concur.

\* \* \*

7