655 So.2d 247 (1995)
Eyal EMANUEL, et al., Appellants,
v.
BANKERS TRUST COMPANY, N.A., etc., Appellees.
No. 94-2208.
District Court of Appeal of Florida, Third District.
June 7, 1995.
*248 Theodore W. Herzog, Key West, for appellants.
Charles M. Milligan, Key West, for appellees.
Before NESBITT, JORGENSON and GODERICH, JJ.
NESBITT, Judge.
The claim here is that the trial court erroneously permitted a mortgagor to exercise its right of redemption from a foreclosure judgment after the property had been sold to an intervening purchaser at public sale and the clerk's certificate had issued. Upon examination of the matter, we find that the provisions of section 45.0315, Florida Statutes (1993), entirely control the matter. For the reasons to be discussed, we reverse the order authorizing the mortgagor to redeem.
After the mortgagor's default, the mortgagee in this case accelerated the note it held and on July 19, 1993, filed a complaint to foreclose the mortgage. That proceeding culminated in the entry of the final judgment of foreclosure on March 18, 1994. That judgment provided that upon the filing by the clerk of a certificate of sale, there would be no further right of redemption.[1] The judgment set the sale date for April 25, 1994. At that sale, the appellants bid and were successful. On April 26, 1994, the clerk issued these purchasers a certificate of sale. On May 4, 1994, the mortgagor filed a Motion to Redeem at which time a restraining order was procured prohibiting the purchasers from going into possession pending determination of the Motion to Redeem. On May 12, 1994, the purchasers filed a Motion to Intervene which was granted. On August 18, 1994, the trial court entered the order under review, which granted leave to the mortgagor, within the subsequent ten days, to redeem by paying to the clerk all required funds.
Appellants, as intervening purchasers, claim that upon the filing of the certificate of sale by the clerk, the mortgagor's right to redeem was extinguished as specifically provided for in the final judgment of foreclosure, which judgment is entirely consistent with *249 section 45.0315.[2] That section, which became effective October 1, 1993, defines and clarifies the point in time when a mortgagor's right of redemption from foreclosure judgment is extinguished.
Prior to the adoption of this statute, the time in which the mortgagor might redeem was set forth and contained in Allstate Mortgage Corp. v. Strasser,[3] 286 So.2d 201 (Fla. 1973), which succinctly stated the rule at page 202 thereof as follows:
[T]here was an inherent right of redemption evolving from the common law which could be exercised at any time prior to the entry of an order confirming a sale.
All cases followed that theme with some variation according to individual circumstances, until now.
The early common law recognized the right of a mortgagor to redeem or "buy back" his property free and clear of the mortgage provided there was a payment of all principal and indebtedness, costs and attorney's fees, and other charges. During the same period, a mortgagor could regain possession and cause a defeasance of the mortgage without judicial intervention. It was then that mortgagors began to file suits in equity to regain their redemptive rights. With the advent of a mortgagee's resort to the remedy of foreclosing the mortgage or other security interest, the practice became obsolete. However, the equity of redemption remains a powerful, substantive right. 37 Fla.Jur.2d Mortgages & Deeds of Trust §§ 108-109.
At the time Strasser was decided, under then-existing section 45.031(1), Florida Statutes (1973), there was a legislative prohibition against courts ordering redemptive rights to be extinguished prior to sale. Laws of Florida, chapter 93.250, Section 1, effective October 1, 1993, re-enacted section 45.031, which deleted the prohibition.
As indicated, section 45.0315, Florida Statutes (1993), explicitly empowers a court in the final judgment of foreclosure to fix the time in which the mortgagor may redeem. Where the judgment is silent in that regard, redemptive rights are lost upon the clerk's filing of a certificate of sale. The mandate of section 45.0315 is contained in its last sentence, which provides: "Otherwise, there is no right of redemption."
The statute, per se, abolishes neither the procedural nor the substantive right to redeem. What the statute effectively accomplishes is to set forth the time, manner and circumstances in which redemptive rights must be claimed or elected. It has always been the legislative prerogative to provide the time and manner in which a party may effectuate and avail oneself of a substantive right because such power is entirely procedural in nature. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla. 1994). Thus the statute entirely displaces the common law in this area.
In this case, it clearly appears that the mortgagor did not elect to redeem until after the filing of the clerk's certificate of sale. Consequently, the election was late and the right to redeem was already extinguished.
Independently, the mortgagor-appellee argues that confirmation of the sale is nonetheless required pursuant to section 45.031(5), Florida Statutes (1993). This is undoubtedly correct if an objection to the sale is filed pursuant to section 45.031(4). If *250 an objection is timely and properly filed, the certificate will not be confirmed and title will not pass. The purpose of these continuing provisions is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc. If such objection is timely filed and the court determines that such infirmity exists, then re-advertising and resale begins anew and a mortgagor's redemptive rights, at least temporarily, reinvest. In this case, there was no objection to the auction sale. Consequently, the clerk was entitled to issue to the successful bidder a certificate of title without judicial confirmation.
By way of recapitulation, we observe that the common law rule announced in Allstate v. Strasser, with respect to redemption, has been displaced by the enactment of section 45.0315, Florida Statutes, which exclusively governs the time, manner, and procedure for the claimed exercise of redemptive rights. Otherwise, as the statute so plainly states, there are no redemptive rights.
Accordingly, the order granting the mortgagor's motion to redeem is reversed with directions to confirm appellant's certificate of title, permit the mortgagor to take back its payment from the registry of the court, less of course the allowable costs and attorney's fees to the purchaser, and to grant such other relief as may be appropriate.
Reversed.
NOTES
[1] Paragraph 10 of the final judgment of foreclosure provided:

10. The sale shall be held in accordance with Section 45.031 of the Florida Statutes, and upon the Clerk filing the Certificate of Sale, all persons shall forever be barred and foreclosed of any and all equity or right of redemption in and to the above-described property, and subsequently, upon the Clerk filing the Certificate of Title as provided by Section 45.031 of the Florida Statutes, the sale shall stand confirmed, and the purchaser at said sale or the purchasers, their heirs, representatives, successors or assigns, shall without delay be let into possession of the said premises as conveyed and the Clerk of the Court is hereby specifically authorized to issue a Writ of Possession for the premises located at 1016 18TH TERRACE, KEY WEST, FLORIDA 33040 and the Sheriff is hereby authorized to serve the Writ of Possession forthwith after issuance of Certificate of Title.
[2] Section 45.0315 provides:

Right of redemption. At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order or decree of foreclosure has been rendered, by tending the performance due under the security agreement including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.
[3] In that case, at issue was a mechanic's lien. Section 713.26, Florida Statutes currently provides that redemption rights in construction liens are governed by the same provisions as are foreclosure of claim upon the real property.