706 So.2d 317 (1997)
Simon BLATCHLEY, Appellant,
v.
BOATMAN'S NATIONAL MORTGAGE, INC., et al., Appellees.
No. 97-431.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Rehearing Denied March 12, 1998.
Marshall W. Liptak, Oviedo, for Appellant.
Forrest G. McSurdy of Law Offices of David J. Stern, P.A., Plantation, for Appellees.
GOSHORN, Judge.
Simon Blatchley appeals the order denying his motion to vacate the foreclosure sale of his home. He argues that the court erred by changing the sale date specified in the foreclosure judgment without notice to him and allowing the sale to take place without notice to him of the actual sale date. We find no reversible error under the facts of this case and affirm.
The summary final judgment in foreclosure set January 9, 1997 as the date of sale of the real property. Boatman's National Mortgage, Inc. [Boatman's] moved, ex parte, for an order "correcting" the date in the final judgment to January 7, asserting that the January 9 date was a scrivener's error and that the already-published Notice of Foreclosure Sale contained the correct date of January 7. The court granted the motion on January 6 and changed the summary final judgment to reflect the sale date as January 7.
Blatchley did not receive notice of the new sale date until January 8, the day after the sale had taken place, and only received Boatman's ex-parte motion on January 10. Blatchley moved to vacate the sale the following week, alleging that because he never received proper notice of the sale date, he was unable to exercise his right of redemption or reinstatement and was precluded from participating in the sale or otherwise protecting his interest in the property. The trial court denied the motion to vacate the *318 sale, but extended the time frame in which Blatchley could exercise his redemption right, giving Blatchley fifteen days from the date of the order to pay the judgment amount plus interest. Blatchley did not take advantage of the extended redemption period. Instead, on the fifteenth day, Blatchley filed a notice of appeal.
Blatchley asserts that the change in the sale date, without notice to him, deprived him of the right to be present at the sale, to bid at the sale, or to reinstate the loan and avoid the sale. The right to redeem expired upon the conclusion of the sale, he states, and thus he was "egregiously prejudiced" by the change in the sale dates. He states that the final judgment contained the correct sale date, January 9, and it was Boatman's responsibility to see to it that the correct date was published. Once Boatman's discovered that an incorrect date was published, Boatman's remedy was to get a new sale date and re-publish the notice of sale, not get the final judgment amended. Blatchley does not contend that he was ready, willing and able to pay the judgment amount on January 9, or on any other date.
Section 45.031 required that the final judgment of foreclosure specify a day for the sale and that the notice of sale be published for two weeks, the second of which publication "shall be at least 5 days before the sale." This requirement was not met. In 601 West 26 Corp. v. Equity Capital Co., 174 So.2d 626 (Fla. 3d DCA), modified on other grounds, 178 So.2d 894 (Fla. 3d DCA 1965), the court held that where the foreclosure decree was substantially amended after publication and only two days before the sale, the statutory publication requirements were breached and the mortgagee was deprived of due process of law. The Third District reversed the foreclosure sale and remanded for resale. Had the trial court in the instant case not fashioned a remedy addressing Blatchley's due process rights, reversal of the instant case would have been appropriate also. However, even though Blatchley did not receive proper notice of the January 7 sale, that error was cured by the court's order extending the period in which Blatchley could exercise his equity of redemption. Blatchley actually received the benefit of a much longer redemption period than if the sale had occurred as originally slated for January 9.
Foreclosure suits are governed by equitable principles. § 702.01, Fla. Stat. (1995) ("All mortgages shall be foreclosed in equity."). The trial court here "did equity" by allowing an extended term in which Blatchley could cure his indebtedness. The extension was within the court's authority as Blatchley's objection was made within the 10-day period for filing objections.[1]See Emanuel v. Bankers Trust Co., N.A., 655 So.2d 247 (Fla. 3d DCA) (if an objection to the sale is timely filed, the certificate of sale will not be confirmed and title to the sold property will not pass; any infirmity in the sale process is to be cured by re-advertising the foreclosure sale, i.e., beginning the process anew, which has the effect of reinvesting the mortgagor with his right of redemption at least until the subsequent sale), rev. denied sub nom. Brumwell v. Emanuel, 663 So.2d 629 (Fla.1995). While arguably the trial court in the instant case should have required the re-advertisement and re-sale of the property in accordance with the statutory notice requirements instead of simply extending the redemption period, the court's remedy provided a cure for the prejudices of which Blatchley complained. There is nothing to be accomplished by reversing for a new judgment and sale date as Blatchley could not redeem when given the chance and failed to even allege he would redeem if we reverse.
AFFIRMED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Section 45.031(4) provides, "If no objections to the sale are filed within ten days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party not in default...."