872 So.2d 362 (2004)
JRBL DEVELOPMENT, INC., Appellant,
v.
Donna MAIELLO; Wells Fargo Home Mortgage, Inc. f/k/a Norwest Mortgage, Inc.; Julie Maiello; Villas of Beacon Groves Homeowners' Ass'n, Inc.; Sears, Roebuck & Co.; and General Electric Capital Corp., Appellees.
No. 2D03-3770.
District Court of Appeal of Florida, Second District.
April 23, 2004.
Timothy W. Weber of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellant.
No appearance for Appellees.
STRINGER, Judge.
JRBL Development, Inc., as the purchaser at a foreclosure sale, seeks review of the trial court's order extending Donna Maiello's right of redemption in the property. JRBL argues that the trial court was without the authority to extend the right of redemption after the certificate of sale had been filed. We agree and reverse.
Wells Fargo sued Maiello and the other defendants to foreclose a mortgage on real property. The court subsequently rendered a final summary judgment of mortgage foreclosure against all defendants. On June 9, 2003, the clerk held a public foreclosure sale after proper notice, and *363 JRBL was the highest bidder for cash. That same day, the clerk filed the certificate of sale.
Maiello sent a letter to the trial court objecting to the sale on June 17, 2003. The court treated the letter as a motion to set aside the sale and held a hearing on the motion. At the hearing, Maiello provided evidence that she sent the arrearage amount of $5500 to Wells Fargo on June 9, 2003, pursuant to an agreement with Wells Fargo. However, Maiello acknowledged that her agreement with Wells Fargo was that she would pay the arrearage amount prior to the foreclosure sale and that her payment was not transmitted prior to the sale.
Instead of setting aside the foreclosure sale, which the trial court had broad discretion to do,[1] the court denied Maiello's motion to set aside the sale and extended Maiello's right of redemption for two weeks. Maiello subsequently exercised that right, and JRBL appealed. On appeal, JRBL correctly argues that the trial court was without the authority to extend the right of redemption past the time specified by the legislature. Maiello has not appealed the trial court's denial of her motion to set aside the judicial sale.
Section 45.0315, Florida Statutes (2003), provides:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.
Thus, the right of redemption extends until the later of the filing of a certificate of sale by the clerk or the time specified in the final judgment. The final judgment in this case specifies that the right of redemption extends until the clerk files the certificate of sale, as provided in section 45.0315. The certificate of sale was filed by the clerk on June 9, 2003. Thus, Maiello's right of redemption expired on June 9, 2003. At that point, the only way for Maiello to have her redemption rights revested was to get the judicial sale set aside.
After the certificate of sale is filed, a party has ten days in which to file an objection to the sale. § 45.031(4), Fla. Stat. (2003). If a party files an objection to the foreclosure sale and the court determines there is a valid basis for the objection, the property is readvertised and resale begins anew. Blatchley v. Boatman's Nat'l Mortgage, Inc., 706 So.2d 317, 318 (Fla. 5th DCA 1997); Emanuel v. Bankers Trust Co., 655 So.2d 247, 249-50 (Fla. 3d DCA 1995). Upon the readvertisement and resale, a mortgagor's lost redemptive rights temporarily revest. Blatchley, 706 So.2d at 318; Emanuel, 655 So.2d at 250. In this case, the trial court did not find a valid basis for Maiello's objection and declined to set aside the judicial sale. Thus, Maiello's redemptive rights, which expired on June 9, 2003, did not revest.
*364 Although the court declined to set aside the judicial sale in this case, it extended the equity of redemption for two weeks. However, under the plain language of section 45.0315, the trial court was without the authority to extend the right of redemption after the time for redemption had expired. Emanuel, 655 So.2d at 250. While we certainly understand the court's desire to afford Maiello another opportunity to save her home, without a valid basis to set aside the judicial sale it was precluded from extending the right of redemption.
Reversed.
NORTHCUTT and KELLY, JJ., Concur.
NOTES
[1] See Ingorvaia v. Horton, 816 So.2d 1256, 1259 (Fla. 2d DCA 2002).