PER CURIAM.
YEMC Construction & Development, Inc., appeals Order on Defendani/Tenants Motion to Set Terms of Redemption and Order Upon Defendant/Tenants Compliance with the October 29, 2003, Order Granting Defendant/Tenants Motion to Set Terms of Redemption. We reverse. ...
Mortgagee Wells Fargo filed an action to foreclose on Nelly Chiongs three-acre farm property. Wells Fargo also named as defendants John Doe and Jane Doe, as unknown tenants in possession. The return of service on Jane Doe indicated that the premises were vacant; John Does return of service indicated that the main house was vacant but that the stalls were rented out to keep livestock. Ramon Torres, who collected the stall rents, was served with the John Doe papers. However, Wells Fargo did not serve tenants Inter Ser, USA, Inc., and Flor De Alelí Nursery, Inc. [collectively “Tenants”]. These Tenants run a plant nursery business on the property. There is a large *448 sign on the property that included the business name and address.
The March 27, 2003, summary final foreclosure judgment required the mortgagor to pay $215,004.20 and set an April 30, 2003, sale date, if the mortgagor did not remit the requisite payment. The judgment also provided that the right of redemption terminated “upon confirmation of the sale of the property by the clerk filing the Certificate of Sale.” No motion for rehearing was filed. On April 30, the property was sold to the highest bidder, and the clerk filed a Certificate of Sale. On May 5, the court approved assignment of the high bidders interest to YEMC.
On May 9, the Tenants filed an Objection and Motion for Relief from Foreclosure Sale and Motion to Vacate Default Final Judgment. They asserted that they were tenants in possession under an unrecorded lease, contract vendees to purchase the property, and that they were not served with process. The Tenants asserted that the sale did not close but that they had paid the owner a deposit.
On September 4, the Tenants filed a Motion to Set Terms of Redemption. The court entered an order finding that it had the power to extend the time to redeem because the Tenants had filed a facially valid objection before issuance of the Certificate of Title. The court denied the motion to set aside the foreclosure judgment and to vacate the default as to the unknown tenant except that the court substituted the Tenants for Jane Doe, stated that the Tenants had a right of redemption through the mortgagor, and ordered the Tenants to place the requisite funds and costs in their counsels trust account. The court subsequently entered an order setting aside the Certificate of Sale and finding that the Tenants had complied with the previous order.
We agree with YEMC that the orders must be reversed. Assuming there was a basis to vacate the foreclosure judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4), see Dor Cha, Inc. v. Hollingsworth, 876 So.2d 678 (Fla. 4th DCA 2004); Floyd v. Federal Nat’l Mortgage Ass’n, 704 So.2d 1110 (Fla. 5th DCA 1998); Gans v. Heathgate-Sunflower Homeowners Ass’n, 593 So.2d 549 (Fla. 4th DCA 1992), the trial court did not vacate the judgment. Instead, it merely substituted the Tenants in place of the unknown tenant, Jane Doe, and deemed that the Tenants had asserted their right of redemption. In so doing, the court improperly altered the judgment by adding the Tenants as party defendants and changing the period for the right of redemption. The trial court was without jurisdiction to alter or amend the judgment substantively when, as here, the Tenants’ motion was filed more than ten days after filing of the final judgment of foreclosure. See Fla.R.Civ.P. 1.530(g); Harbor Bay Condos., Inc. v. Basabe, 856 So.2d 1067 (Fla. 3d DCA 2003).
In addition, the trial court was without authority to extend the period of redemption. Here, it is undisputed that the Tenants’ right of redemption expired upon filing of the certificate of sale. § 45.0315, Fla. Stat. (2003). The Tenants’ redemption rights could have revested had the court set aside the judicial sale. “If a party files an objection to the foreclosure sale and the court determines there is a valid basis for the objection, the property is readvertised and resale begins anew. Upon the readvertisement and resale, a mortgagor’s lost redemptive rights temporarily revest.” JRBL Dev., Inc. v. Maiello, 872 So.2d 362, 363 (Fla. 2d DCA 2004) (citations omitted); Emanuel v. Bankers Trust Co. 655 So.2d 247, 249-50 (Fla. 3d DCA 1995). However, the Tenants’ objec *449 tion to the sale, § 45.031(4), Fla. Stat. (2003), provided no basis for relief. “The purpose of [section 45.031(4)] is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc.” Emanuel 655 So.2d at 250. Here, the record provides no such grounds for vacating the sale. See Prater v. Mortgage Elec. Registration Sys., Inc., 866 So.2d 212, 213 (Fla. 3d DCA 2004); Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002); Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125 (Fla. 4th DCA 2000); Indian River Farms v. YBF Partners, 777 So.2d 1096 (Fla. 4th DCA 2001). Therefore, the Tenants’ expired redemptive rights did not revest. Accordingly, the orders are reversed.[1]
Reversed and remanded.

. We express no opinion whether the lease or the option to purchase contract survives the foreclosure. See Burns v. Bankamerica Nat'l Trust Co., 719 So.2d 999, 1001 (Fla. 5th DCA 1998)(Sharp, J. dissenting).