**In re Derrick CLARKE, Debtor.**

**No. 03–50948–BKC–LMI.**

United States Bankruptcy Court, S.D. Florida.

March 24, 2006.

Frederic J. Dispigna, Plantation, FL, Lead Attorney, for National City Mortgage Co., (Creditor).

Stuart M. Gold, Miami, FL, Lead Attorney, for Pioneer Investment Enterprises, Inc., (Creditor).

## *ORDER DENYING EMERGENCY MOTION TO VACATE AND/OR STAY STATE COURT ORDER DENYING OBJECTION TO FORECLOSURE AND GRANTING WRIT OR POSSESSION*

LAUREL MYERSON ISICOFF, Bankruptcy Judge.

This matter came before the Court initially on March 2, 2006 at 1:30 p.m., and was continued for hearing on March 20, 2006 at 9:30 a.m., on Debtor's Emergency Motion to Vacate and/or Stay State Court Order Denying Debtor's Objection to Foreclosure and Granting Writ of Possession (C.P.# 47). For the reasons set forth below, the Court denies the Debtor's Motion, but finds the state court orders void.

### *I. BACKGROUND*

The Debtor, Derrick Clarke, originally petitioned for relief under Chapter 13 of the Bankruptcy Code on October 29, 2003. The case was dismissed and reinstated twice. When the Debtor's case was dismissed for the second time on September 30, 2005, National City Mortgage Co., a lender holding a mortgage on the Debtor's homestead (the "Lender"), obtained a foreclosure sale date. On January 4, 2006, the

Debtor's homestead was sold and a Certificate of Sale was issued by the Miami–Dade County Clerk of Courts.

Within ten days of the foreclosure sale, the Debtor filed his Objection to Vacate/Set Aside Foreclosure Sale and to Vacate and/or Set Aside Certificate of Sale ("Objection to Sale") in the Circuit Court of Miami–Dade County seeking to Vacate the Foreclosure Sale and Certificate of Sale, objecting to the foreclosure sale as set forth in Fla. Stat. § 45.031(4), the effect of which Objection to Sale was to delay issuance of the Certificate of Title to the successful bidder at the foreclosure sale—Pioneer Investment Enterprises, Inc. (the "Purchaser"), an entity unrelated to the Lender.

The Debtor's bankruptcy case was reinstated on January 24, 2006 and the Debtor filed a Suggestion of Bankruptcy with the Circuit Court of Miami–Dade County attaching a copy of the order reinstating the Chapter 13 proceeding. On February 28, 2006 the Circuit Court of Miami–Dade County entered orders denying Debtor's Objection to Sale, and granting the Purchaser's request for a Writ Of Possession In Foreclosure (collectively "the February 28 Orders"). On the afternoon of February 28, 2006, Debtor filed in this Court his Emergency Motion to Vacate And/Or Stay State Court Order Denying Debtor's Objection To Foreclosure and Granting Writ of Possession (C.P. # 47).

## II.  JURISDICTION

■ The *Rooker–Feldman* doctrine bars collateral review of state court judgments by a federal court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). This doctrine applies to bankruptcy court proceedings. *See In re Wilson*, 116 F.3d 87, 90 (3d Cir.1997)

("The bankruptcy court is also prohibited from reviewing the state court's judgment by the *Rooker–Feldman* doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments.") However, the *Rooker–Feldman* doctrine does not abrogate the bankruptcy court's authority to enforce the automatic stay. *In re Gruntz*, 202 F.3d 1074, 1083 (9th Cir.2000) (finding that the *Rooker–Feldman* doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy).

## III.  DISCUSSION

### A.  The Automatic Stay

■ The filing of a bankruptcy petition automatically stays the commencement or continuation of an action against the debtor's property. 11 U.S.C. § 362(a). The initial issue raised by the parties was whether the automatic stay was reimposed following the January 24, 2006 reinstatement of the Debtor's bankruptcy case, where the Debtor took no affirmative action to reimpose the stay. Upon the Court's request the parties submitted memoranda of law on this issue. The parties are in agreement that the automatic stay was immediately revived upon reinstatement of the bankruptcy case on January 24, 2006. The parties also agree that the reinstatement of the bankruptcy case did not cause the stay to be imposed retroactively, such that the foreclosure sale would have been voided. Accordingly, this Court properly considers the impact of the stay on the February 28 Orders, and finds that because the February 28 Orders were entered after the stay was reinstated, the February 28 Orders are void and of no effect. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984).

### B.  The Debtor's Right of Redemption

■ Under Florida law, a homeowner's right of redemption is terminated on the

"later of the filing of a certificate of sale by the Clerk of the Court or the time specified in the judgment, order or decree of foreclosure ..." Fla. Stat. § 45.0315. However, if an objection to sale is filed within 10 days after the filing of the certificate of sale, the objecting party is entitled to have that objection heard before a certificate of title can be issued. *See* Fla. Stat. § 45.031(4); *see also Nelson v. Santora,* 570 So.2d 1374 (Fla. 1st DCA 1990); *CCC Properties, Inc. v. Kane,* 582 So.2d 159 (Fla. 4th DCA 1991). If a timely objection is filed and the foreclosure sale is set aside, then the defendant's right of redemption revests. *See YEMC Constr. and Dev., Inc. v. Inter Ser, U.S.A., Inc.,* 884 So.2d 446 (Fla. 3d DCA 2004); *JRBL Dev. Inc. v. Maiello,* 872 So.2d 362 (Fla. 2d DCA 2004); *Emanuel v. Bankers Trust Co.,* 655 So.2d 247 (Fla. 3d DCA 1995).

Here, the Debtor filed his Objection to Sale on January 6, 2006, two days after the Certificate of Sale was filed. The matter was not heard by the Circuit Court of Miami–Dade County until February 28, 2006, during which time the bankruptcy automatic stay was in effect. Since the February 28 Orders are void, the Debtor's objection to sale has not been finally resolved and no certificate of title can yet be issued.

### III. CONCLUSION

Since both the Order denying Debtor's Objection to Sale, which had the effect of confirming the foreclosure sale and cutting off the Debtor's inchoate ability to have the right of redemption revest, and the Order Granting Writ of Possession, are void by virtue of 11 U.S.C. § 362, while the Debtor does not currently have a right of redemption, he clearly retains the potential for such right to revest unless and until a

valid Order Confirming the Sale, or an Order Vacating the Sale, is entered by the Circuit Court of Miami–Dade County.[1] If the Circuit Court of Miami–Dade County confirms the sale, the Debtor's right of redemption will be finally extinguished, subject to any appeal he may seek to pursue through the state courts. However, if the Circuit Court of Miami–Dade County vacates the foreclosure sale, the Debtor's right of redemption shall revest and the parties shall present to this Court for resolution any argument regarding how and whether redemption can be exercised through the Chapter 13 Plan.

It is therefore ORDERED as follows:

1. The Emergency Motion To Vacate and/or Stay State Court Order Denying Debtor's Objection To Foreclosure and Granting Writ Of Possession is DENIED.

2. The February 28 Orders are VOID and the parties are directed to take all steps necessary to cancel these orders of record in the Circuit Court of Miami–Dade County.

3. The Court retains jurisdiction to consider further issues relating to the foreclosure proceedings to the extent not inconsistent with this Order or applicable law.

---

1. By separate order this Court has granted the Purchaser's Motion for Relief from Stay to pursue resolution of the sale issue with the state court.