WELLS, Judge.
Chase Financial Services LLC, the purchaser of a home at a foreclosure sale appeals from an order setting aside the sale. We reverse.
On December 20, 2011, Country Club Estates at Aventura Maintenance Association, Inc., brought suit against Joey S. Edelsberg, and others, (herein, Edelsberg) to foreclose a lien for non-payment of As *1140 sociation fees. Following unsuccessful mediation, a consent final judgment of foreclosure was entered. That judgment accorded Edelsberg the right of redemption but expressly limited that right until the filing of a certificate of sale:
7. Right of Redemption. Upon filing of the Certificate of Sale, Defendant’s right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.
The property thereafter was sold to Chase Financial Services, LLC at a public sale and on February 8, 2013, a certificate of sale was filed of record by the clerk.
Seven days later, on February 15, 2013, Edelsberg filed a pro se “Sworn Objection to February 5, 2013, Clerk’s Sale” in which he requested that the sale be set aside because he had tendered payment and had been assured that there would be no sale:
2. The Defendant tendered his payoff to the Association and was told not to worry [ ] and that the Sale would not go forward.
3. Relying on that promise, the Defendant did not go to the Clerk to pay off the amount of the Final Judgment.
Following an initial hearing on Edels-berg’s objection, the matter was set for an evidentiary hearing. At the subsequent evidentiary hearing, Edelsberg admitted that he was aware of the final judgment of foreclosure; that he was aware of the scheduled foreclosure sale; and that he had not tendered payment prior to the filing of the certificate of sale. In sum, his testimony was that while he had the ability to satisfy the Association’s lien, as of the date of the evidentiary hearing he had not tendered payment as he represented in his “sworn” objection and he had not done so purportedly because a neighbor, Paul Lazarus, had told him not to worry about it, that such sales never “go through.”
Despite the fact that this testimony was contradicted by the testimony of the Association’s property manager — who confirmed that no tender was ever made by Edelsberg and that the Association had made no representations to Edelsberg about the foreclosure sale — and by the testimony of the neighbor — who denied ever telling Edelsberg not to worry about a foreclosure sale[1] — the court below, orally announced at the end of the evidentiary hearing (and without making any findings), that if Edelsberg paid whatever he owed to the Association by 4:30 that day, the court would vacate the sale:
THE COURT: ... If you can come up with $57,000 and whatever by 4:30 today, I will grant ... the opportunity to vacate the sale. If he does not, the *1141 sale goes through, I will issue the C.T. [certificate of title].”
[[Image here]]
... I will be available at 9:00 Monday morning to get an answer as to whether any of this has happened. [Edelsberg] tenders the money, I will vacate the[] sale, and if he does not, I will deny the motion and issue the C.T.
The following Monday, March 18, 2013, the court below asked, “[h]as anything transpired of interest?” Edelsberg’s counsel responded “[w]e tendered payment, Judge.” The court then concluded that:
Based on the testimony presented at the hearing, the Court finds Mr. Edels-berg’s testimony to be credible. The Court will accept his testimony as to the confusion in his mind that no Sale would ever have occurred, accepts the finding that he had the money sufficient to pay the tender and accordingly will vacate the Sale.
A written order vacating the sale was entered. Chase, the purchaser at the foreclosure sale appeals; we reverse.
Section 45.031 of the Florida Statutes authorizes objections to judicial foreclosure sales if timely made:
(4) CERTIFICATION OF SALE.— After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party....
(5) CERTIFICATE OF TITLE. — If no objections to the sale are filed within 10 days after the filing certificate of sale, the clerk shall file a certificate of title....
§§ 45.031(4), (5), Fla. Stat. (2013).[2]
As explained in Arsali v. Chase Home Finance LLC, 121 So.3d 511, 517-18 (Fla.2013), case law has consistently required “that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale”:
Our decisions show that we have consistently held that the mere allegation of any single factor or specific combination of factors is insufficient for litigants to prevail in an action seeking a set aside of a judicial foreclosure sale. Instead our previous decisions have consistently required that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale.
Id. at 518.
The objection filed below raised only two grounds to support setting aside the foreclosure sale: (1) that Edelsberg had “tendered his payoff to the Association,” and (2) that he was told by some unidentified person “not to worry about [it] and that the Sale would not go forward,” neither of which support vacating the instant judicial foreclosure sale.
The first of these claims was proved to be untrue. There is no evidence that Edelsberg tendered payment to the Association at any time before March 15, 2013. And, because the final judgment issued below stated that Edelsberg’s right *1142 of redemption terminated upon filing of a certificate of sale, by the time Edelsberg filed his objection, his right to redeem simply by tendering payment had already passed. See § 45.0315, Fla. Stat. (2013) (providing “[a]t any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure”); see also YEMC Constr. & Dev., Inc. v. Inter Ser, U.S.A., Inc., 884 So.2d 446, 448 (Fla. 3d DCA 2004) (confirming that a “trial court [was] without authority to extend the period of redemption” after the filing of a certificate of sale where the final judgment cut off the right of redemption upon filing of the certificate of sale). Edelsberg’s purported tender of payment over a month after the certificate of sale was filed, therefore, provides no support for setting aside the foreclosure sale.
His claim that he was told not to worry about a sale that it would not go forward also will not support relief. This claim amounts to no more than a failure to act diligently and according to the law on Edelsberg’s part. There is no evidence that anyone from the Association represented anything to Edelsberg. Rather, viewing the evidence in the light most favorable to Edelsberg, the testimony was that Edelsberg, who was represented by counsel throughout, only talked to his neighbor about the foreclosure judgment and based on a purported statement by the neighbor took no action to protect his interests from a consent final judgment and scheduled sale. This is not evidence of irregularity, mistake, or surprise, or other equitable ground on which a foreclosure sale may be set aside. As this court said in John Crescent, Inc. v. Schwartz, 382 So.2d 383, 386 (Fla. 4th DCA 1980), “we [are not] cognizant of[ ] any authority which would support the proposition that a party can gain relief from a judicial sale solely by reference to that party’s own lack of diligence.” See Chase Home Loans, LLC., v. Sosa, 104 So.3d 1240 (Fla. 3d DCA 2012) (concluding that mortgagor’s wife’s alleged mental instability was insufficient to constitute mistake, inadvertence, surprise, or excusable neglect, that would support a motion to vacate a foreclosure sale where the mortgagor claimed that his wife had actively concealed the foreclosure proceedings by hiding all notifications under the sofa). The objection to the judicial sale should have been denied.
Accordingly, we reverse the order vacating the judicial sale and remand for further proceedings consistent herewith.

. Paul Lazarus, Edelsberg’s "neighbor,” who is an attorney and was the former president of the Association, testified that while he did recall a conversation with Edelsberg after the foreclosure judgment was issued, Edelsberg could not have been acting under the mistaken impression that Lazarus was speaking on behalf of the Association (no matter what representations he made) since Edelsberg lived across the street from the Association president:
Q: Do you believe that when Joey was in touch with you that he could have relied upon the fact that based upon your having been president for so long that you were still acting in that capacity?
A: No. I made it very clear that I was not president. Joey lives across the street from the current president. Joey knew I was not President.
Lazarus also denied having advised Edelsberg not to worry that a sale would not take place:
Q. [Ms. Bowen]: And at any time did you instruct or advise Mr. Edelsberg that the sale would not go forward?
A. [Lazarus]: No.
[[Image here]]
THE COURT: Mr. Lazarus, was there ever a statement made by you to the effect that "These condo sales never go through if there’s a first mortgage?”
THE WITNESS [Lazarus]: No.

. We, like our sister Court, apply the provisions of Chapter 45 to foreclosures of homeowners’ association liens. See § 720.3085(l)(c), Fla. Stat. (2013) (providing that an "association may bring an action in its name to foreclose a lien for assessments in the same manner in which a mortgage of real property is foreclosed”); Aegis Props. of S. Fla., LLC v. Avalon Master Homeowner Ass’n, Inc., 37 So.3d 960 (Fla. 4th DCA 2010) (applying chapter 45 procedure to a homeowner lien foreclosure action).