IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WATERVIEW TOWERS YACHT CLUB - THE ULTIMATE, OWNERS' ASSOCIATION, INC.,

Appellant,

v.

CASE NO. 1D14-3478

SAEID C. GIVIANPOUR; FIRST CITY BANK OF FLORIDA AND HANCOCK BANK, SUCCESSOR IN INTEREST TO PEOPLES FIRST COMMUNITY BANK,

Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

_____/

Opinion filed February 5, 2015.

An appeal from the Circuit Court for Okaloosa County.
Keith Brace, Judge.

John Cottle and Jay Roberts of Becker & Poliakoff, P.A., Fort Walton Beach, for Appellant.

Richard M. Colbert, Gulf Breeze, for Appellees.

ROBERTS, J.

The Appellant, homeowners' association Waterview Towers Yacht Club, appeals the trial court's order granting the property owner's motion to enforce redemption of property. The property owner filed the motion to enforce redemption after a certificate of sale was filed and the property in question was sold. The Appellant argues that the right to redemption was extinguished when the certificate of sale was filed. We agree and reverse.

## FACTS

On April 9, 2013, the Appellant filed a suit to foreclose a claim of lien for condominium assessments owed by the property owner. On March 7, 2014, a final judgment was entered ordering the property owner to pay the total amount owed or the property would be sold at public auction. The final judgment specifically provided that the property owner would be foreclosed of all claims on the property once the certificate of sale was filed. One month later, on April 11, 2014, the clerk of court filed a certificate of sale, and the property in question was sold at public auction to the Appellant. On April 16, 2014, the property owner obtained a loan for the full amount of the judgment and sought to tender the amount to the Appellant. The Appellant refused the tender, and the property owner filed a motion to enforce redemption of the property. Without explanation, the trial court granted the motion to enforce redemption.

2

## MERITS

"The right of redemption is a valued and protected equitable right of the mortgagor to reclaim his estate in foreclosed property after it has been forfeited, at law, by paying the amount of the debt, interests and costs." Indian River Farms v. YBF Partners, 777 So. 2d 1096, 1099 (Fla. 4th DCA 2001). Section 45.0315, Florida Statutes, governs the right of redemption and provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

This section applies to foreclosures of homeowners' association liens. See Chase Fin. Servs., LLC v. Edelsberg, 129 So. 3d 1139, 1141 n. 2 (Fla. 3d DCA 2013) (citing to section 720.3085(1)(c), Florida Statutes (2013) (providing that an "association may bring an action in its name to foreclose a lien for assessments in the same manner in which a mortgage of real property is foreclosed")).

Where a final judgment provides that a right of redemption would be terminated upon the filing of the certificate of sale, any payment made after the filing of the certificate of sale does not entitle the owner to have the foreclosure sale set

3

aside.  See id. at 1142 (holding that the owner was not entitled to have the foreclosure sale set aside on the basis of his purported tender of payment to the association because that payment was made a month after the certificate of sale was filed).  Here, in accordance with section 45.0315, Florida Statutes, the final judgment provided that the property owner's right of redemption in the property was extinguished upon the filing of the certificate of sale.  As such, the right to redeem was extinguished when the certificate of sale was filed on April 11, 2014.  There is no evidence that the property owner tendered payment to the Appellant at any time before April 11, 2014.  In fact, the property owner admits he did not obtain the money to satisfy the judgment until April 16, 2014.  At this point, the right of redemption was extinguished.

The trial court did not provide its reasoning for granting the property owner's motion to enforce redemption.  The property owner argued in a memorandum of law to the court that he was not owed a right of redemption, but that under the equitable concepts of fairness and justice, he was entitled to the equity of redemption.  The property owner also makes this argument in his Answer Brief and cites to a Fourth District Court of Appeal case for the proposition that the equity of redemption differs from the right of redemption.  Hoffman v. Semet, 316 So. 2d 649 (Fla. 4th DCA 1975).  However, the Fourth District does not make this statement.  The court states:

> Under Florida law, which has adopted the lien theory of mortgages, a mortgagor holds legal title to the mortgaged property while the

4

mortgagee's interest is merely that of a lienor. However, as in many areas of the law, historical vestiges of another era persist. The strict common law view of the mortgage was as a conditional conveyance of land vesting legal title in the mortgagee. Upon default, the mortgagor forfeited all right and interest in the property; the mortgagee could simply reenter and assume full ownership. In time the equity courts responded to this harsh result by granting the mortgagor the right to redeem his property upon satisfying the outstanding debt. This right was termed the mortgagor's 'equity of redemption'. The equity of redemption eventually came to be regarded as an actual estate in land, i.e., the mortgagor's estate or interest in the mortgaged property.

Id. at 651-52 (internal citations omitted). From this language, the court appears to merely be explaining the history of redemption and not demarcating a difference between equity of redemption and the right of redemption. As explained by the Fourth District, the equity of redemption is the mortgagor's right to redemption. Id.

Thus, the property owner fails to cite any authority for its proposition that the trial court properly acted when it granted the motion to enforce redemption after the time period for redemption had expired.

REVERSED AND REMANDED.

RAY and MAKAR, JJ., CONCUR.