DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAPHNE POLYCARPE,**
Appellant,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION** and
**VICKEN BAKLAYAN,**
Appellees.

No. 4D2024-3225

[October 1, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Gary M. Farmer, Jr., Judge; L.T. Case No. CACE23-000264.

Jonathan Jaffe of Law Office of Jonathan Jaffe, P.A., Fort Lauderdale, for appellant.

Cynthia M. Ramos of Shapiro Ramos, P.A., Miami, for appellee Vicken Baklayan.

GROSS, J.

Daphne Polycarpe appeals a final order dismissing with prejudice her claims against Vicken Baklayan for quiet title and declaratory relief. We affirm.

### I. Background Facts

In May 2018, the circuit court entered a final judgment of foreclosure against Polycarpe and in favor of Fifth Third Mortgage Company. The foreclosure judgment stated that "on the filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendants(s) . . . shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any." Polycarpe did not appeal the foreclosure judgment.

On September 17, 2019, Fifth Third Mortgage Company purchased the subject property at the foreclosure sale. That same day, the clerk of the circuit court filed a Certificate of Sale.

Following the foreclosure sale, Polycarpe moved to vacate the foreclosure judgment, which the circuit court denied. Polycarpe appealed the denial of her motion to vacate, and we per curiam affirmed. *See Polycarpe v. Fifth Third Mortg. Co.*, 292 So. 3d 1186 (Fla. 4th DCA 2020).

In January 2020, the clerk of the circuit court issued an Amended Certificate of Title, confirming that the property had been sold to Federal National Mortgage Association ("Fannie Mae").

In October 2021, Polycarpe completed and signed a former owner property questionnaire, which she submitted to Fannie Mae. The questionnaire contained the following language: "This property is now owned by Fannie Mae and you have indicated an interest in renting. . . . Fannie Mae may present you with a month-to-month lease. . . . Also, please be aware that Fannie Mae may list and market the property for sale during the lease term."

Polycarpe alleged that she communicated with Fannie Mae's agent about the possibility of renting or purchasing the property. However, in March 2022, Fannie Mae executed a Special Warranty Deed conveying the property to Vicken Baklayan in exchange for $448,050.[1]

## II. This Lawsuit

### A. Verified Amended Complaint

Polycarpe eventually sued Fannie Mae and Baklayan in a verified amended complaint, asserting three causes of action: (1) fraud in the inducement against Fannie Mae; (2) quiet title against Baklayan; and (3) declaratory judgment against Fannie Mae and Baklayan.

In Count I, Polycarpe alleged that Fannie Mae had committed fraud in the inducement by making false representations that she could enter into a rental or purchase agreement for the property, even though Fannie Mae had no intention of entering into such an agreement, thereby inducing her to refrain from taking further legal action within the foreclosure case.

---

[1] In a separate lawsuit, Baklayan sued Polycarpe and obtained a final judgment for removal based on unlawful detainer. Polycarpe appealed, and we per curiam affirmed. *See Polycarpe v. Baklayan*, 367 So. 3d 1247 (Fla. 4th DCA 2023).

In Count II, Polycarpe sought to quiet title to the property against Baklayan. Polycarpe alleged that she was the grantee of a 2004 Warranty Deed to the property and that the Final Judgment of Foreclosure had placed a cloud on the title. She further asserted that Fannie Mae had prevented her from exercising her "statutory right of redemption," that Baklayan's claim as the owner of the property was invalid, and that the special warranty deed between Fannie Mae and Baklayan was void.

In Count III, Polycarpe sought a declaratory judgment quieting her title to the subject property and declaring that she was "the rightful owner" of the property. She alleged she had a bona fide need for a declaration because she had "uncertainty with respect to her rights and status" in the property.

The verified amended complaint included five attachments: (1) the amended certificate of title[2]; (2) the final judgment of foreclosure; (3) the former owner property questionnaire; (4) the 2022 special warranty deed from Fannie Mae to Baklayan; and (5) a 2004 warranty deed to Polycarpe.

### B. Dismissal with Prejudice of the Claims against Fannie Mae

The trial court dismissed Counts I and III against Fannie Mae with prejudice. Polycarpe appealed the dismissal as to Fannie Mae, but she voluntarily dismissed her appeal.

### C. Dismissal with Prejudice of the Claims against Baklayan

Baklayan moved to dismiss the Verified Amended Complaint, alleging that it failed to state a cause of action against him, based on the grounds discussed in this opinion.

The trial court granted Baklayan's motion to dismiss and dismissed Count II and Count III against Baklayan with prejudice. The court found that "based on the allegations raised in the Verified Amended Complaint and the attachments," Polycarpe "cannot state a cause of action" against Baklayan to quiet title or for declaratory relief.

## III. Legal Discussion

### A. Exhibits Control over Inconsistent Allegations in the Complaint

---

[2] The amended certificate of title referenced the original certificate of sale.

"Any exhibit attached to a pleading must be considered a part thereof for all purposes." Fla. R. Civ. P. 1.130(b). "When ruling on a motion to dismiss, a court may not go beyond the four corners of the complaint and exhibits attached thereto." *Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) (cleaned up).

Where an inconsistency exists "between the general allegations of material facts in the [operative] complaint and the specific facts revealed by the exhibit," they "have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable." *Harry Pepper & Assocs. v. Lasseter*, 247 So. 2d 736, 736–37 (Fla. 3d DCA 1971). Thus, "[i]f an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss." *Fladell v. Palm Beach Cnty. Canvassing Bd.*, 772 So. 2d 1240, 1242 (Fla. 2000).

### B. The Trial Court Properly Dismissed the Quiet Title Claim for Failure to State a Cause of Action

"Chancery courts have jurisdiction of actions by any person or corporation claiming legal or equitable title to any land . . . against all persons or corporations claiming title to or occupying the land adversely . . . and shall determine the title of plaintiff and may enter judgment quieting the title and awarding possession to the party entitled thereto[.]" § 65.061(1), Fla. Stat. (2022). An action to quiet title "may be maintained in the name of the owner or of any prior owner who warranted the title." § 65.031, Fla. Stat. (2022).

"To state a claim to quiet title, a plaintiff must allege that he or she has title to the subject property, that there is a cloud on the title, and that the defendant's claim to the title is invalid." *George Anderson Training & Consulting, Inc. v. Miller Bey Paralegal & Fin., LLC*, 313 So. 3d 214, 218 (Fla. 2d DCA 2021). "By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. With no title, there is nothing to be quieted." *Barclay v. Robert C. Malt & Co.*, 985 So. 2d 53, 54 (Fla. 4th DCA 2008).

Where a plaintiff does not have legal or equitable title,[3] a plaintiff's mere allegation of an equitable interest in the land is insufficient to obtain quiet title relief. *Atl. Beach Imp. Corp. v. Hall*, 197 So. 464, 466–67 (Fla. 1940).

---

[3] "Equitable title" refers to a beneficial interest in property "that gives the holder the right to acquire formal legal title." *Title*, Black's Law Dictionary (12th ed. 2024).

"In proceedings to remove a cloud upon title to real estate, the complainant must show with clearness, accuracy, and certainty the validity of his own title, and the invalidity of the title of the opposing parties." *Hill v. Da Costa*, 61 So. 750, 751 (Fla. 1913).

The right of redemption is governed by section 45.0315, Florida Statutes (2018). "At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure," the mortgagor may exercise the right of redemption by paying the amount specified in the judgment or, if no judgment has been rendered, tendering the performance due under the security agreement. § 45.0315, Fla. Stat. (2018). "Otherwise, there is no right of redemption." *Id.* "The statute, per se, abolishes neither the procedural nor the substantive right to redeem. What the statute effectively accomplishes is to set forth the time, manner and circumstances in which redemptive rights must be claimed or elected." *Emanuel v. Bankers Tr. Co., N.A.*, 655 So. 2d 247, 249 (Fla. 3d DCA 1995). In short, "the statute entirely displaces the common law in this area." *Id.*

Polycarpe failed to state a cause of action to quiet title against Baklayan because the complaint and its exhibits show that she cannot satisfy all the required elements of the claim.

First, Polycarpe does not have legal or equitable title to the property. Although the complaint alleged that Polycarpe acquired the property via Warranty Deed in 2004, the complaint's exhibits establish that her interest in the property was extinguished by the 2018 foreclosure judgment and the subsequent foreclosure sale. Polycarpe did not allege that the foreclosure judgment was void or that the foreclosure judgment had been reversed. Section 45.0315 provides that a mortgagor's right of redemption ends upon the filing of the certificate of sale or the time specified in the judgment, whichever is later. Here, the foreclosure judgment did not extend the redemption period, so Polycarpe's right of redemption ended when the clerk of the circuit court filed the certificate of sale on September 17, 2019. Polycarpe did not allege that she had paid the amount specified in the foreclosure judgment before the certificate of sale was filed. Consequently, when Polycarpe failed to timely exercise her right of redemption, she lost title to the property. Her lack of title is confirmed by the amended certificate of title attached to her complaint. Without title to the property, Polycarpe cannot establish the first element of a quiet title action.

Second, the complaint failed to identify a legally cognizable "cloud" on the title. Polycarpe cannot plead ultimate facts showing that her title is

clouded by the final judgment or Baklayan's deed. A complaint seeking to quiet title against an alleged cloud must allege facts which give the cloud "apparent validity as well as those which show its invalidity." *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). Here, Polycarpe did not allege any facts showing that the foreclosure judgment was invalid. Moreover, a cloud on title presupposes the existence of valid title in the plaintiff. Because Polycarpe lost title upon completion of the foreclosure sale, the final judgment and Baklayan's deed do not cloud the title. Instead, the complaint's exhibits reflect a facially valid foreclosure judgment and a lawful transfer of ownership to Baklayan. Therefore, Polycarpe's claim fails as to the second element as well.

Third, Polycarpe cannot plead ultimate facts showing that Baklayan's title is invalid. Polycarpe's conclusory allegation that Baklayan's deed is "void" is insufficient and is unsupported by any factual basis. "Generally, void deeds are limited to forged deeds or deeds that violate the constitutional protection of homestead." *Schlossberg v. Est. of Kaporovsky*, 303 So. 3d 982, 987 (Fla. 4th DCA 2020). Polycarpe did not allege that Baklayan's deed was void due to forgery. Instead, she generally challenged the circumstances under which Fannie Mae had sold the property to Baklayan, asserting that she was misled into believing she could rent or repurchase it. However, these allegations, even if true, do not show that the deed to Baklayan was void.

Polycarpe's contention that the deed was "void" is based upon the untenable theory that Fannie Mae had interfered with her right of redemption. But that right had expired long before the sale to Baklayan in March 2022. Fannie Mae's alleged conduct of misleading Polycarpe about the potential for renting or repurchasing the property could not have rendered the deed to Baklayan void. The time for appealing the foreclosure judgment and for exercising the statutory right of redemption had expired years before Fannie Mae's alleged conduct. On its face, the 2022 deed suggests that Baklayan was a bona fide purchaser for value,[4] and Polycarpe did not allege any ultimate facts showing otherwise.

## C. The Trial Court Properly Dismissed the Declaratory Judgment Claim for Failure to State a Cause of Action

---

[4] A party is a bona fide purchaser for value when: (1) the purchaser obtained legal title to the challenged property; (2) the purchaser paid the value of the challenged property; and (3) the purchaser had no knowledge of the claimed interest against the challenged property at the time of the transaction. *2000 Presidential Way, LLC v. Bank of N.Y. Mellon,* 326 So. 3d 64, 68 (Fla. 4th DCA 2021).

Under the Declaratory Judgment Act, a trial court has jurisdiction "to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." § 86.011, Fla. Stat. (2022). The Act "is declared to be substantive and remedial." § 86.101, Fla. Stat. (2022).

"[T]o bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration." *Britamco Underwriters, Inc. v. Cent. Jersey Inv., Inc.*, 632 So. 2d 138, 139 (Fla. 4th DCA 1994). Stated another way, one of the elements a party seeking declaratory relief must show is "a bona fide, actual, present practical need for the declaration." *Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996). But "an action for declaratory judgment cannot be used as a subterfuge for the purpose of relitigating a question as to which a former judgment is conclusive." *Frix v. Beck*, 104 So. 2d 81, 84 (Fla. 3d DCA 1958).

Polycarpe cannot state a claim for declaratory relief because no bona fide, actual, present need exists for judicial declaration. The final judgment of foreclosure conclusively foreclosed upon Polycarpe's interest in the property, and Polycarpe failed to exercise her right of redemption before the certificate of sale. The final judgment was never set aside. Polycarpe's attempt to "quiet title" through a declaratory judgment claim is not a bona fide controversy, but is an effort to relitigate the resolved issue of whether she has ownership of the property. A declaratory judgment action is not a substitute for an appeal of the foreclosure judgment or for a Florida Rule of Civil Procedure 1.540 motion to set aside the foreclosure judgment. The declaratory judgment claim here was merely a repackaged version of the quiet title count for which Polycarpe failed to state a cause of action. Because Polycarpe's own exhibits show that she lacks title to the property, no bona fide dispute exists requiring a judicial declaration. The trial court properly dismissed the declaratory judgment count for failure to state a cause of action.

### D. The Trial Court Did Not Err by Ignoring "Equitable Considerations" or by Dismissing the Claims with Prejudice

Emphasizing that her claims are grounded in equity, Polycarpe complains that the trial court erred by ignoring "equitable considerations." She uses this term loosely, suggesting that a judge can grant relief based on an inchoate notion of what is fair. But such a flimsy concept is not a substitute for recognized equitable causes of action that must frame a judicial inquiry. The locution contained in older cases is as follows: "The principle is universally recognized that to entitle a party to relief in equity he must bring his case under some acknowledged head of equity

jurisdiction." *Rickman v. Whitehurst*, 74 So. 205, 207 (Fla. 1917); *see also Gregg Corp. v. Burdine*, 129 So. 868, 869 (Fla. 1930) (recognizing that "rescission of contracts" is "an ancient head of equity jurisdiction"); *City of Lake Worth v. First Nat'l Bank in Palm Beach*, 93 So. 2d 49, 54 (Fla. 1957) (acknowledging that "an accounting from persons standing in such a fiduciary position" is "a proper head of equity jurisdiction").

In this case, "a court of equity will not invoke its inherent jurisdiction to quiet title or to remove a cloud from title unless the complainant first shows title to be in himself." *Hall,* 197 So. at 466. Here, loose "equitable considerations" are not a substitute for a viable equitable claim. Because Polycarpe's complaint and exhibits established that she did not have title to the property, she failed to state a cause of action either to quiet title or for declaratory relief.

Lastly, Polycarpe argues that the trial court should not have dismissed the complaint with prejudice without allowing her the opportunity to amend. But "a party who does not seek to amend in the trial court cannot raise the issue of amendment for the first time on appeal." *Williams v. Tony*, 319 So. 3d 653, 657 (Fla. 4th DCA 2021). In the circuit court, Polycarpe did not request leave to amend her verified amended complaint, nor did she move for rehearing raising the issue of amendment after the trial court had entered the order of dismissal with prejudice. Therefore, Polycarpe failed to preserve this issue for appellate review.

*Affirmed.*

GERBER, J., and SHULLMAN, SARAH L., Associate Judge, concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

8